Henry O. Hart v. Commissioner.
Hart v. Commissioner
Docket No. 81826.
United States Tax Court
T.C. Memo 1962-45; 1962 Tax Ct. Memo LEXIS 264; 21 T.C.M. (CCH) 257; T.C.M. (RIA) 62045; March 1, 1962
*264 Henry O. Hart, pro se, 8 E. Charleston Blvd., Las Vegas, Nev. William J. Kass, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies in the income tax of the petitioner and additions to tax for the indicated years as follows: Additions to tax, I.R.C. 1933
Sec. 294
Sec. 294
Year
Deficiency
Sec. 291(a)
Sec. 293(b)
(d)(1)(A)
(d)(2)
1951
$ 654.00
$163.50
$327.00
$ 58.86
$39.24
1952
31.00
7.75
15.50
1953
1,261.95
315.49
630.98
113.58
75.72
1954
1,532.98
766.49 [1]
141.80
91.98
Issues presented by the pleadings are the correctness of the respondent's action: (1) in determining that petitioner did not file an income tax return for 1951, (2) in failing to allow a deduction in each of the years 1952, 1953, and 1954 for depreciation of office furniture and equipment, (3) in including in income in 1954 reimbursement for expenses for travel, meals, and lodging on a trip to Washington, D.C., but not allowing such expenses as a deduction, (4) in determining an addition *265 to tax for 1954 under section 6653(a) of the Internal Revenue Code of 1954, and (5) in determining additions to tax for 1951, 1952, and 1953 under section 293(b) of the Internal Revenue Code of 1939, and an addition to tax for 1954 under section 6653(b) of the 1954 Code. By stipulation the petitioner has conceded the correctness of the respondent's action involved in issues 2 and 3 thus leaving for determination only issues 1, 4, and 5. In this connection it is observed that although no issue was raised with respect thereto the respondent at the trial conceded that in view of the decision in Commissioner v. Acker, 361 U.S. 87 (1959), the petitioner was not liable for additions to tax for 1951, 1953, and 1954 under section 294(d)(2) of the 1939 Code. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioner is a resident of Las Vegas, Nevada, where he has resided since 1945. The petitioner is an accountant and has been engaged in the practice of accounting since 1914. From 1936 to 1944 he was employed in accounting and finance work by the United States Government in Washington, D.C. From 1945 through *266 1949 and from 1952 through 1959 he was a licensed public accountant in Las Vegas, Nevada. Since 1952 the petitioner has actively managed and conducted his own accounting business in Las Vegas. With the exception of the above-mentioned period of his employment by the United States Government, the petitioner during most years since 1914 has prepared many Federal individual and corporation income tax returns and partnership returns of income for other persons and business entities. For various years prior to 1950 the petitioner prepared his own Federal income tax returns. The petitioner now is, and at the time prescribed by law for filing Federal income tax returns for the years 1951 through 1954 was, familiar with the requirements of the law and the respondent's regulations respecting the filing of Federal income tax returns. The petitioner now is, and at the time prescribed by law for filing declarations of estimated Federal income tax for 1951 through 1954 was, familiar with the requirements of the law and the respondent's regulations respecting the filing of declarations of estimated Federal income tax. Despite the petitioner's familiarity with the foregoing requirements of the *267 law and regulations, he has never filed for himself a declaration of estimated Federal income tax for any year and never filed for himself any Federal income tax returns for the years 1951 through 1954. Nor has he paid any Federal income tax for the years 1951 through 1954. During 1951 through 1954 the petitioner was on the cash basis of accounting and all income from his accounting practice was received by him personally and except for a few petty cash items all disbursements were made by him personally. Although knowing the importance of keeping a book or books with respect to his accounting practice, the petitioner kept none during those years and during such years deposited in his bank account only a portion of the receipts from his practice. The only records the petitioner kept were a payroll record, bank statements, some cancelled checks, check stubs, and a few receipted bills. The petitioner knew that the records he thus kept were inadequate for income tax purposes. During an investigation the respondent made of the petitioner's income tax liability for the years involved herein, the petitioner first stated that his books were in "a mess" and "very far behind" and that he *268 would have them ready for an examination on a stated later date. However, on the later date the petitioner stated that he had no books but that he was "going to start keeping books." Upon ascertaining that the records which the petitioner had, together with other data submitted by petitioner, including a statement of the names of the petitioner's clients and the amounts received from each during the respective years, were inadequate for fairly or correctly determining the petitioner's income tax liability, the respondent examined other sources of information respecting the petitioner's tax liability. As a result of such examination the respondent determined, among other things, that the petitioner had received from his clients greater amounts of income than that shown in the statement which he had submitted to respondent. As a result of his investigation the respondent determined that the petitioner's gross income, expenses, and net income from his accounting practice were as follows for the indicated years: 1951
1952
1953
1954
Gross income
$7,085.00
$4,752.50
$10,587.95
$17,116.38
Expenses
1,328.20
2,268.82
2,763.98
8,314.77
Net income
$5,756.80
$2,483.68
$ 7,823.97
$ 8,801.61
*269 The petitioner concedes the correctness of the respondent's determination of the deficiencies in income tax for each of the years 1951 through 1954 as shown in the notice of deficiency which was mailed to the petitioner on April 15, 1959. The deficiencies in income tax determined by the respondent were due to the fraud of the petitioner with intent to evade the income tax upon his income for the taxable years here involved. Opinion Taking the position that he filed an income tax return for 1951 which substantially correctly showed his income and his income tax liability for that year, the petitioner contends we should hold that the period of limitations within which assessment of his income tax liability for 1951 could be made had expired at the time the respondent sent the notice of deficiency involved herein and that assessment of the tax and additions to tax in question for that year may not now be made. Documentary evidence presented by petitioner shows that petitioner in March 1952 and in June 1952 requested and was granted by the collector extensions for filing his income tax return for 1951, the last extension expiring on September 15, 1952, and that on September 13, 1952, petitioner *270 requested an additional extension for 90 days which the collector on September 15, 1952, informed the petitioner he was without authority to grant. The reason stated in each of the 3 requests for an extension was the same, namely, the information necessary for filing the return was not available. At the trial the petitioner placed in evidence a document which he testified was a copy of an income tax return for 1951 for himself which he on October 6, 1952, prepared and mailed to the collector. The collector's office has no record of any income tax return having been filed by petitioner for 1951. The document purporting to be a copy of the petitioner's income tax return for 1951 contains the following respecting the petitioner's business as a public accountant: Total receipts
$7,085.00
Total business deductions
1,341.40
Net income
$5,743.60 The tax liability shown on the document was $628.18 which on line 6(B) was offset by an item of $1,097.13 shown as "Refund due" resulting in an amount of $468.95 being shown as an overpayment of 1950 income tax. Line 8 of the document shows a request that the overpayment of $468.95 be credited on 1952 estimated tax. Respecting *271 the "Refund due" of $1,097.13 the petitioner testified that that item was so shown on the document because his income tax return for 1947 had shown an overpayment of that amount. However, he further testified that prior to October 6, 1952, the date on which he testified he prepared and mailed his income tax return for 1951, he had received a refund of $559.54 with respect to the amount of $1,097.13 and that accordingly the listing of the latter amount on his purported 1951 income tax return was erroneous. The parties have stipulated that the petitioner was on the cash basis of accounting. In view of that and since the record shows that all of the income from his accounting practice was received by him personally and all disbursements except a few petty cash items were made by him personally, it is not apparent what information necessary for the filing of his 1951 return was not available to him in March, June, and September 1952 when he requested extensions for filing his return for 1951. Neither in petitioner's testimony, nor in any evidence of record, nor in the petitioner's brief do we find any indication what information, if any, necessary for filing his return for 1951 and not *272 theretofore available became available to him between September 13, 1952, the date on which he requested a third extension, and October 6, 1952, the purported date of preparing and mailing his return, so that he became able to prepare a return for 1951 showing a net income from his accounting business of only $13.20 less than the concededly correct amount determined by the respondent for that year. From our consideration of all the evidence bearing on the question we have concluded and found as a fact that the petitioner did not file an income tax return for 1951. Since the petitioner did not file an income tax return for that year, the period of limitations for assessment of tax and additions to tax for the year had not expired on the date the respondent sent the notice of deficiency. The petitioner has assigned as an error the respondent's action in determining for 1954 an addition to tax under section 6653(a) of the 1954 Code. The assignment of error was denied by respondent. Since neither the notice of deficiency nor anything else of record shows that respondent has determined any addition to tax for 1954 under section 6653(a) the assignment of error is not sustained. The *273 remaining issue is whether the petitioner is liable, as determined by the respondent, for additions to tax for 1951, 1952, and 1953 under section 293(b) of the 1939 Code and an addition to tax for 1954 under section 6653(b) of the 1954 Code for fraud. The petitioner, although having had long experience as an accountant and knowing the importance of keeping adequate records of his income and expenses, and having had long experience in filing income tax returns for himself and others, and knowing the requirements of the law and regulations respecting the filing of income tax returns, for the 4 years here involved neither maintained records adequate for fairly or correctly reflecting his income and expenses, nor filed any income tax return nor paid any income tax for such years. Because the petitioner failed to maintain records from which his income tax liability could be fairly or correctly determined, it was necessary for the respondent in his investigation of the petitioner's income tax liability to examine other sources of information in order to determine the deficiencies in tax here involved, the correctness of which the petitioner concedes. In the circumstances here present it *274 is our opinion that petitioner's failure with respect to the keeping of records and the filing of returns was with the intent to conceal his correct income and mislead the respondent as to his liability for income tax. Such conduct is evidence of fraud. Spies v. United States, 317 U.S. 492 (1943). Accordingly, we have found as a fact that the deficiencies in income tax were due to the fraud of the petitioner with intent to evade income tax on his income for the taxable years here involved. Decision will be entered under Rule 50. Footnotes
1. Section 6653(b), I.R.C. 1954↩.