## SPIES *v.* UNITED STATES.

No. 278.   Argued December 18, 1942.—Decided January 11, 1943.

*Mr. David V. Cahill* for petitioner.

*Assistant Attorney General Clark,* with whom *Solicitor General Fahy* and *Messrs. Sewall Key* and *Earl C. Crouter* were on the brief, for the United States.

MR. JUSTICE JACKSON delivered the opinion of the Court.

Petitioner has been convicted of attempting to defeat and evade income tax, in violation of § 145 (b) of the Revenue Act of 1936, 49 Stat. 1648, 1703, now § 145 (b) of the Internal Revenue Code.   The Circuit Court of Appeals found the assignment of error directed to the charge to the jury the only one of importance enough to notice.   The charge followed the interpretation put upon this section of the statute in *O'Brien* v. *United States,* 51 F. 2d 193 (C. C. A. 7), and *United States* v. *Miro,* 60 F. 2d 58 (C. C.

A. 2), which followed it. The Circuit Court of Appeals affirmed, stating that "we must continue so to construe the section until the Supreme Court decides otherwise." 128 F. 2d 743. One Judge said that as a new matter he would decide otherwise and expressed approval of the dissent in the *O'Brien* case. As the construction of the section raises an important question of federal law not passed on by this Court, we granted certiorari.

Petitioner admitted at the opening of the trial that he had sufficient income during the year in question to place him under a statutory duty to file a return and to pay a tax, and that he failed to do either. The evidence during nearly two weeks of trial was directed principally toward establishing the exact amount of the tax and the manner of receiving and handling income and accounting, which the Government contends shows an intent to evade or defeat the tax. Petitioner's testimony related to his good character, his physical illness at the time the return became due, and lack of willfulness in his defaults, chiefly because of a psychological disturbance, amounting to something more than worry but something less than insanity.

Section 145 (a) makes, among other things, willful failure to pay a tax or make a return by one having petitioner's income at the time or times required by law a misdemeanor.[1] Section 145 (b) makes a willful attempt in any

---

[1] "Any person required under this title to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this title, who willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

manner to evade or defeat any tax such as his a felony.[2] Petitioner was not indicted for either misdemeanor. The indictment contained a single count setting forth the felony charge of willfully attempting to defeat and evade the tax, and recited willful failure to file a return and willful failure to pay the tax as the means to the felonious end.

The petitioner requested an instruction that "You may not find the defendant guilty of a willful attempt to defeat and evade the income tax, if you find only that he had willfully failed to make a return of taxable income and has willfully failed to pay the tax on that income." This was refused, and the Court charged that "If you find that the defendant had a net income for 1936 upon which some income tax was due, and I believe that is conceded, if you find that the defendant willfully failed to file an income tax return for that year, if you find that the defendant willfully failed to pay the tax due on his income for that year, you may, if you find that the facts and circumstances warrant it find that the defendant willfully attempted to evade or defeat the tax." The Court refused a request to instruct that an affirmative act was necessary to constitute a willful attempt, and charged that "Attempt means to try to do or accomplish. In order to find an attempt it is not necessary to find affirmative steps to accomplish the prohibited purpose. An attempt may be found on the basis of inactivity or on refraining to act, as well."

It is the Government's contention that a willful failure to file a return, together with a willful failure to pay the

[2] "Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

tax, may, without more, constitute an attempt to defeat or evade a tax within § 145 (b). Petitioner claims that such proof establishes only two misdemeanors under § 145 (a), and that it takes more than the sum of two such misdemeanors to make the felony under § 145 (b). The legislative history of the section contains nothing helpful on the question here at issue, and we must find the answer from the section itself and its context in the revenue laws.

The United States has relied for the collection of its income tax largely upon the taxpayer's own disclosures rather than upon a system of withholding the tax from him by those from whom income may be received. This system can function successfully only if those within and near taxable income keep and render true accounts. In many ways, taxpayers' neglect or deceit may prejudice the orderly and punctual administration of the system as well as the revenues themselves. Congress has imposed a variety of sanctions for the protection of the system and the revenues. The relation of the offense of which this petitioner has been convicted to other and lesser revenue offenses appears more clearly from its position in this structure of sanctions.

The penalties imposed by Congress to enforce the tax laws embrace both civil and criminal sanctions. The former consist of additions to the tax upon determinations of fact made by an administrative agency and with no burden on the Government to prove its case beyond a reasonable doubt. The latter consist of penal offenses enforced by the criminal process in the familiar manner. Invocation of one does not exclude resort to the other. *Helvering* v. *Mitchell,* 303 U. S. 391.

The failure in a duty to make a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, is punishable by an addition to the tax of 5 to 25 per cent thereof, depending on

the duration of the default. § 291 of the Revenue Act of 1936 and of the Internal Revenue Code. But a duty may exist even when there is no tax liability to serve as a base for application of a percentage delinquency penalty; the default may relate to matters not identifiable with tax for a particular period; and the offense may be more grievous than a case for civil penalty. Hence the willful failure to make a return, keep records, or supply information when required, is made a misdemeanor, without regard to existence of a tax liability. § 145 (a). Punctuality is important to the fiscal system, and these are sanctions to assure punctual as well as faithful performance of these duties.

Sanctions to insure payment of the tax are even more varied to meet the variety of causes of default. It is the right as well as the interest of the taxpayer to limit his admission of liability to the amount he actually owes. But the law is complicated, accounting treatment of various items raises problems of great complexity, and innocent errors are numerous, as appears from the number who make overpayments.[3] It is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care. Such errors are corrected by the assessment of the deficiency of tax and its collection with interest for the delay. §§ 292 and 294 of the Revenue Act of 1936 and of the Internal Revenue Code. If any part of the deficiency is due to neg-

---

[3] The following statistics are given by the Commissioner of Internal Revenue for the fiscal year 1941: 73,627 certificates of overassessment of income tax issued, for 39,730 of which no claims had been filed; 236,610 assessments of additional income taxes made; 871 investigations made of alleged evasion of income and miscellaneous taxes, with recommendation for prosecution in 239 cases involving 446 individuals, of whom 192 were tried and 156 convicted. The total number of income tax returns filed was 16,052,007, of which number 7,867,319 reported a tax. Annual Report of the Commissioner of Internal Revenue (1941), pp. 17, 20, 21, 22, 52, 108.

ligence or intentional disregard of rules and regulations, but without intent to defraud, five per cent of such deficiency is added thereto; and if any part of any deficiency is due to fraud with intent to evade tax, the addition is 50 per cent thereof. § 293 of the Revenue Act of 1936 and of the Internal Revenue Code. Willful failure to pay the tax when due is punishable as a misdemeanor. § 145 (a). The climax of this variety of sanctions is the serious and inclusive felony defined to consist of willful attempt in any manner to evade or defeat the tax. § 145 (b). The question here is whether there is a distinction between the acts necessary to make out the felony and those which may make out the misdemeanor.

A felony may, and frequently does, include lesser offenses in combination either with each other or with other elements. We think it clear that this felony may include one or several of the other offenses against the revenue laws. But it would be unusual and we would not readily assume that Congress by the felony defined in § 145 (b) meant no more than the same derelictions it had just defined in § 145 (a) as a misdemeanor. Such an interpretation becomes even more difficult to accept when we consider this felony as the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency.

The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context. *United States v. Murdock,* 290 U. S. 389. It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purpose-

ful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness. But in view of our traditional aversion to imprisonment for debt, we would not without the clearest manifestation of Congressional intent assume that mere knowing and intentional default in payment of a tax, where there had been no willful failure to disclose the liability, is intended to constitute a criminal offense of any degree. We would expect willfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer.

Had § 145 (a) not included willful failure to pay a tax, it would have defined as misdemeanors generally a failure to observe statutory duties to make timely returns, keep records, or supply information—duties imposed to facilitate administration of the Act even if, because of insufficient net income, there were no duty to pay a tax. It would then be a permissible and perhaps an appropriate construction of § 145 (b) that it made felonies of the same willful omissions when there was the added element of duty to pay a tax. The definition of such nonpayment as a misdemeanor, we think, argues strongly against such an interpretation.

The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term "attempt," as used in the felony subsection. It is not necessary to involve this subject with the complexities of the common-law "attempt." [4] The attempt made criminal by this statute does not consist of conduct that would culminate in a more serious crime but for some impossibility of completion or interruption or frustration. This is an independent crime, complete in its most serious

---

[4] Holmes, The Common Law, pp. 65–70; Hall, Criminal Attempt—A Study of Foundations of Criminal Liability, 49 Yale Law Journal 789; Arnold, Criminal Attempts—The Rise and Fall of an Abstraction, 40 Yale Law Journal 53.

form when the attempt is complete, and nothing is added to its criminality by success or consummation, as would be the case, say, of attempted murder. Although the attempt succeed in evading tax, there is no criminal offense of that kind, and the prosecution can be only for the attempt. We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.

Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished "in any manner." By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime.

In this case there are several items of evidence apart from the default in filing the return and paying the tax which the Government claims will support an inference of willful attempt to evade or defeat the tax. These go to

establish that petitioner insisted that certain income be paid to him in cash, transferred it to his own bank by armored car, deposited it, not in his own name but in the names of others of his family, and kept inadequate and misleading records.  Petitioner claims other motives animated him in these matters.  We intimate no opinion.  Such inferences are for the jury.  If on proper submission the jury found these acts, taken together with willful failure to file a return and willful failure to pay the tax, to constitute a willful attempt to evade or defeat the tax, we would consider conviction of a felony sustainable.  But we think a defendant is entitled to a charge which will point out the necessity for such an inference of willful attempt to defeat or evade the tax from some proof in the case other than that necessary to make out the misdemeanors; and if the evidence fails to afford such an inference, the defendant should be acquitted.

The Government argues against this construction, contending that the milder punishment of a misdemeanor and the benefits of a short statute of limitation should not be extended to violators of the income tax laws such as political grafters, gamblers, racketeers, and gangsters.  We doubt that this construction will handicap prosecution for felony of such flagrant violators.  Few of them, we think, in their efforts to escape tax, stop with mere omission of the duties put upon them by the statute, but if such there be, they are entitled to be convicted only of the offense which they have committed.

*Reversed.*