The **UNITED STATES** of America
v.
**James D. IRVING.**
No. 11849.

United States Court of Appeals
Seventh Circuit.

Feb. 12, 1957.

Rehearing Denied March 14, 1957.

Daniel D. Glasser, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., Charles K. Rice, Asst. Atty. Gen., John Peter Lulinski, William A. Barnett, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

■ There is substantial evidence in this record to support the defendant Irving's conviction under § 145(b), Internal Revenue Code of 1939, 26 U.S.C. § 145(b). Numerous[1] stipulations of defense counsel coupled with the government's evidence eliminates any question of whether the prosecution sustained its burden of proof. The judgment of conviction must be affirmed. United States v. Aman, 7 Cir., 1954, 210 F.2d 344; Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418. In this instance the government's investigation and proof eliminates any substance for an effective argument about "leads." The short of

---

1. When arguing to the jury the defense attorney said: " * * * we stipulated to a lot of things in this case. Frankly, in a practice of about thirty years, I have never, never stipulated to so many things as I did in this case.

"I did it because I felt that it would hasten the trial, and I felt that the basic issue here was not pencils and papers and records and accountants. The question is: Did Irving get this money from Mays and from other sources he spoke about, or didn't he?" App.Gov.Brief p. 13.)

The government called John Mays, the brother of Robert Mays, deceased, and the defense did not examine John after his direct testimony. (App. 220.)

it is that Irving reported taxable income of $8,750.00 from the Panama Finance Company, $3,524.71 from the Irving Music Company and $37,450.00 from speculations for the calendar year 1952. Defendant explained to a government agent that "speculations" were gambling "wins" and denied he had any records to support that figure. Admittedly, defendant operated a policy wheel prior to November 1951. There is absent any evidence that Irving ceased such operations after 1951. Investigations disclosed expenditures in excess of assets owned by defendant on January 1, 1952, plus all income reported, by him, as received in 1952. A revenue agent was told by Irving, or his representative, that the "bulge" in expenses of about $150,000, Holland v. United States, 1954, 348 U.S. 121, 125, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Calderon, 1954, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202, arose out of money given him by a Robert Mays to invest in a legitimate business. No receipts for that sum were produced or found and no claim has been made against Irving by Mays' estate. A government witness testified that Irving's income tax for 1952 was understated by $139,605.40.

■ Two other points require attention in this opinion, though we have carefully studied all other matters brought to our attention in this appeal. The defendant filed an affidavit of bias and prejudice pursuant to 28 U.S.C. § 144, as follows:

"James D. Irving, being duly sworn, deposes and says:

"1. That I am the defendant in the above-entitled cause.

"2. That I verily believe that the Honorable William J. Campbell, Judge of the court in which this action was commenced, and is now pending, and before whom it is to be tried, has a personal bias and prejudice against me by reason of the fact that Daniel D. Glasser is my attorney. Judge Campbell has stated his prejudice against my attorney Mr. Glasser in open court and has further stated that Mr. Glasser would never be permitted to try a case before him.

"I retained Mr. Glasser to represent me in connection with the matters and things set forth in the indictment numbered as above set forth, some time before the return of the said indictment and therefore long before the case was assigned to the Honorable Judge Campbell for trial. James D. Irving, defendant."

Tucker v. Kerner, 7 Cir., 1950, 186 F. 2d 79, 23 A.L.R.2d 1027, contains our delineation of statutory requirements necessary for disqualification of a trial judge. Adhering to those views necessitates rejection of defendant's argument from the face of his affidavit already quoted. In any event the Executive Committee (Appellant's App. 6) found no personal bias or prejudice against the defendant or of any adverse party. We think the commendable fairness of the district judge in referring the affidavit to the District Court's committee hardly a legalistic basis for overturning the jury's verdict.

Of equal shallowness is defendant's contention over the grand jury's life. See Rule 6(g), Federal Rules Criminal Proc., 18 U.S.C.

The judgment of the district court brought here for review is affirmed.

Judgment affirmed.