**UNITED STATES of America,**
**Plaintiff,**

v.

**Edward J. MESHESKI, Defendant.**

**No. 58–CR–142.**

United States District Court
E. D. Wisconsin.

Jan. 22, 1959.

Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Philip G. Marshall, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This case involves a twenty-count indictment charging that defendant was employed to prepare income tax returns for others and to transmit money in payment of taxes. It charges that, having prepared the returns and obtained the money for transmittal to the Director of Internal Revenue, defendant did knowingly and willfully attempt to evade and defeat the payment of taxes by failing to file the returns, by failing to pay the taxes, and by wrongfully diverting the money to other uses and purposes not authorized by the various persons, thereby defrauding the United States, in violation of Section 145(b), Internal Revenue Code of 1939, 26 U.S. C.A. § 145(b), as to some counts, and Section 7201, Internal Revenue Code of 1954, 26 U.S.C.A. § 7201, as to others.

Defendant has moved that the indictment be dismissed on the ground that "Each and every count of the Indictment fails to state facts sufficient to constitute an offense against the United States."

Defendant relies principally on three cases.

Spies v. United States, 1942, 317 U.S. 492, 63 S.Ct. 364, 368, 87 L.Ed. 418. In that case, the court, speaking through Mr. Justice Jackson, analyzes at some length the difference between Section 145(a), which makes willful failure to pay a tax or make a return a misdemeanor, and Section 145(b) which makes

willful attempt to defeat or evade a tax a felony. During the course of that opinion the court points out that "Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony." The court illustrates that willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

The Court of Appeals for the Seventh Circuit in United States v. Bardin, 224 F.2d 255, 260, discusses and analyzes the problem and quotes from the Spies case:

> " 'If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime.' "

In Bridgeforth v. United States, 6 Cir., 233 F.2d 451, the court sets aside the conviction on one count for failure of proof.

■ For the purpose of this motion the court must assume that the government will have proof of the matters set forth in the indictment.

■ These cases deal with attempts to evade and defeat taxes and the payment thereof by concealment of income and by the filing of false and fraudulent returns. In such instances a conviction under the felony statute must be supported by proof of positive acts and cannot rest on a showing of mere failure to file a return and failure to pay the tax.

■ The language of the statutes does not suggest that such conduct is the only manner of violation contemplated. Failure to file a return, failure to pay over money entrusted to one for the purpose of paying another's tax, and diversion of such funds if proven would, in the court's opinion, constitute another mode of a willful attempt to evade or defeat the tax or the payment thereof.

It is the opinion of the court that if the allegations in the indictment are established, a jury could find a willful and positive attempt to violate the statutes named in the indictment.

Defendant's motion to dismiss the indictment is hereby denied.