UNITED STATES of America
v.
Harold Lee WILSON.
Crim. A. No. 1422.

United States District Court
D. Delaware.
Feb. 8, 1963.

Alexander Greenfeld, U. S. Atty., Wilmington, Del., for plaintiff.

John M. Bader, Bader & Biggs, Wilminton, Del., for defendant.

LAYTON, District Judge.

Defendant was charged by information with engaging in receiving wagers and wilfully failing to pay the special wagering occupational tax, in violation of 26 U.S.C. § 4411 and 26 U.S.C. § 7203.[1] Upon conviction, defendant filed motions for a judgment of acquittal and for a new trial.

The first assignment of error is that the charge failed to instruct the jury that in order for defendant to be found guilty under Section 7203, the failure to purchase the $50 wagering tax stamp must be a wilful failure. This argument is wholly without merit and requires little or no comment. It is true that initially the Court did say generally that " * * * the Federal law makes it a crime for a receiver or writer to accept wagers on behalf of a principal or banker without first purchasing a $50 gambling or occupational tax stamp." At that point there was no mention of the requirement of wilfulness. However, thereafter the charge of the Court was replete with references to the requirement of wilfulness. The word was used at least eleven times throughout the charge and its legal meaning was clearly defined. It is axiomatic that an original omission or error in a charge later taken up and explained or corrected cures the defect or oversight. 23A C.J.S. Criminal Law § 1323 and cases cited in footnotes 88 and 94. Here, indeed, it can scarcely be argued that there was an initial error, because the portion of the charge where the word "wilful" was omitted was only a general, opening statement after which the element of wilfulness was immediately taken up, mentioned repeatedly, and thoroughly defined.

The second assignment of error is to the effect that the Government failed to prove that defendant's failure to purchase the $50 wagering tax stamp was criminally wilful. By this it is meant that while defendant conceded he had heard of the provision of the law requiring the purchase of the $50 wagering tax stamp prior to one's engaging in business as a numbers writer, he had never heard, *and the Government wholly failed to prove that he knew*,[2] that the penalty for such failure was a criminal rather than a civil penalty.[3] Thus, it is argued that there can be no wilfulness within the meaning of Sec. 7203 since defendant had no knowledge that he was committing a *criminal* act by engaging in numbers writing without first purchasing the $50 wagering tax stamp.

The argument is ingenious but also without merit. What the defendant is really arguing is that one should be acquitted when he entertains the evil motive to cheat the Government, but does

1. There were two other counts as to which the Court gave judgment of acquittal at the end of the trial.

2. It is assumed, *arguendo*, that certain newspaper articles explaining the requirement for the purchase of a wagering stamp did not disclose that failure to do so constituted a criminal offense.

3. By civil penalty, defendant means a penalty similar to that imposed for failure to pay a county real estate tax or some like penalty.

 

not know he risks criminal sanction if he is caught. This is no defense. Defendant admitted being engaged in numbers writing for six months without having purchased the $50 occupational or gambling tax stamp. He admitted he had heard that the law required the purchase of such a stamp as a condition to engaging in numbers writing.[4] Thus he admitted that he had been violating the law for six months and the conclusion is inescapable that he had been deliberately violating the law for a substantial period of time with the intention of getting away with it or, in other words, with an evil motive. This meets the test of wilfulness laid down in United States v. Palermo, 259 F.2d 872 (3rd Cir. 1958).

Moreover, if defendant thought the violation was only civil in nature, then why had he been engaged in numbers writing for six months behind a false store front? The strong inference is that he was trying to conceal not a *civil*, but a *criminal* activity. Nor is his argument persuasive that the employment of a false store front might just as easily demonstrate a desire to evade the State gambling laws as the Federal tax laws. As Judge Kraft aptly remarked in United States v. Minker, 197 F.Supp. 295, 300 (E.D.Pa.,1961), in reply to this same argument:

> "Nevertheless, he sedulously avoided compliance with the Federal law, just as he consistently scorned and derided observance of the local [state] law. It is reasonably inferable, therefore, that his studied attempts at concealment were with the purpose of evading and defeating the excise tax, as well as avoiding detection of State law violations."

It is also of some significance that the degree of proof required to show wilful *failure* to pay a tax, the misdemeanor involved here, is not so demanding as if this were a prosecution for wilful tax *evasion*, a felony. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

In my judgment, the motions for judgment of acquittal and for new trial must be denied.

tion for new trial it amounts to one man's word against another. U. S. v. Robinson, 71 F.Supp. 9 (D.C.D.C., 1947).

---

4. This admission was testified to by a Federal agent. Defendant denied it, but on a motion for judgment of acquittal it must be accepted as true, and on a mo-