Clyde W. PROSSER, Sr., and Barbara Prosser, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 62-361.

United States District Court
W. D. Pennsylvania.

Aug. 19, 1964.

George C. Blissman, Jr., Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

By this action the plaintiffs Clyde W. Prosser, Sr. and Barbara Prosser, his wife, seek to recover from the defendant the United States of America, $3,063.95 in federal income taxes, penalties and interest paid by them with respect to their taxable calendar years 1951, 1953, 1954, 1955 and 1958, together with interest and costs. Assessments and payments were made pursuant to the provisions of the Internal Revenue Code of 1939, 26 U.S.C. 1952 Ed., § 293 and § 294, and of the Internal Revenue Code of 1954, 1958 Ed., § 6501 and § 6653. These read as follows:

Internal Revenue Code of 1939:

"Sec. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. * * *

"(b) Fraud.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2).

"Sec. 294. [as amended by Sec. 118, Revenue Act of 1943, c. 63, 58 Stat. 21, and Sec. 13(b), Individual Income Tax Act of 1944, c. 210, 58 Stat. 231] ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *

"(d) Estimated tax

"(1) Failure to file declaration or pay installment of estimated tax

"(A) Failure to file declaration. In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to will-

ful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35."

Internal Revenue Code of 1954:

"§ 6501. Limitations on assessment and collection

"(a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * *

"(c) Exceptions.—

"(1) False return.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

"§ 6653. Failure to pay tax * *

"(b) Fraud.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a)."

The question at issue here is whether or not the plaintiffs as taxpayers fraudulently with intent to evade the taxes failed to make returns and payment on taxes due thereon for the various years for which refunds are now claimed by the plaintiffs. This action is timely and this Court has jurisdiction pursuant to Title 28 U.S.C. § 1346(a) (1).[1] By its Order of February 5, 1963 this Court dismissed the complaint as to the year 1951.

The plaintiffs are husband and wife and had been accustomed to filing joint returns. The amount for refunds originated from earnings of the husband who is employed as a draftsman and also did some engineering work on his own time. The wife plaintiff was not employed but maintained the household.

For all of the years 1953 through 1958, the taxpayers reported as income on their federal income tax returns only those amounts which Mr. Prosser computed to be the wages or payments for a forty-hour work week. Everything over and above that is what he called overtime pay or payment for "moonlighting" and was not reported on the returns. Mr. Prosser underpaid his income taxes not only during the years at issue here but also during intervening years 1956 and 1957.

1. 28 U.S.C. § 1346(a) (1):
"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
"(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

The taxes, penalties and interest, recovery of which is sought by this action, were paid by the plaintiffs as the result of assessments made by the Internal Revenue Service on May 27, 1960 upon its determination that the plaintiffs' income in each of the years 1953, 1954, 1955 and 1958 had been understated and that the plaintiffs had accordingly underpaid their income taxes in those years. The penalties which were assessed were those for underpayment of tax due to fraud under Section 293(b), Internal Revenue Code of 1939 and Section 6653(b), Internal Revenue Code of 1954, and the ad valorum penalty for failure to file declarations of estimated tax in 1953 and 1954 under Section 294(d) (1) (A), Internal Revenue Code of 1939. These taxes, penalties and interest as assessed and paid are as follows:

| Year | Tax | 1939 Code fraud penalty (Sec. 293(b)) | 1939 Code failure to file declaration of estimated tax penalty (Sec. 294(d)(1)(A)) | Interest | Total |
|---|---|---|---|---|---|
| 1953 | $378.08 | $189.04 | $42.44 | $163.37 | $ 772.93 |
| | | 1954 Code fraud penalty (Sec. 6653(b)) | | | |
| 1954 | $374.60 | $187.30 | $36.18 | $137.30 | $ 735.38 |
| 1955 | 171.44 | 85.56 | –0 | 51.50 | 308.50 |
| 1958 | 357.53 | 178.77 | –0 | 43.94 | 580.24 |
| | | | | | $2397.05 |

The assessments with respect to 1953, 1954 and 1955 are barred if the plaintiff's underpayment of taxes in those years was not due to fraud.

The plaintiffs have admitted that they failed to report income from the following specific sources and in the following amounts for the years in issue:

| Source | Year | Unreported Income |
|---|---|---|
| Erdner Engineering Co. | 1953 | $ 732.00 |
| Mars Engineering and Fabricating Co. | | 309.01 |
| Erdner Engineering Co. | 1954 | 1225.00 |
| Mars Engineering and Fabricating Co. | 1955 | 300.00 |
| W. J. Maron Co. | | 540.00 |
| Erdner Engineering Co. | 1958 | 1036.00 |

Additionally, in the intervening two years of 1956 and 1957, the taxpayers failed to report $2,770 and $5,052 respectively, of income received from Erdner Engineering Co.

For all of this period from 1953 through 1958 it was Mr. Prosser's practice to report on his federal income tax returns only those wages or payments which represented salary or remuneration for a forty hour work week. His only explanation for excluding the balance of his income, as set forth above, was that this in someway represented overtime pay or payment for "moonlighting". These wages were considered by

him to be in some general and unexplained way offset by expenses incurred by Mr. Prosser in conducting his business as a professional design drafting (structural) engineer. This is work which he performed, in part, at home and in which he occasionally used the family car.

Mr. Prosser has worked as an engineer since 1918. He is college trained and at one time was the president of his own company. He took full responsibility for the maintenance of his own personal and business records and prepared his own income tax returns. He is, in short, a trained, capable and responsible professional man who is more than competent in business and finance.

In line with Mr. Prosser's practice of reporting on the plaintiffs' tax returns for the years in issue only those wages or salary payments which represented a forty hour work week, the Government introduced double invoices prepared by Mr. Prosser for the years 1956 and 1957. One set of invoices was presented to the Internal Revenue Service and indicated only those wages attributable to a forty hour work week and the other set of invoices was presented to the Erdner Engineering Company and represented Mr. Prosser's billing to that Company for his total work each month. Further, the latter invoices were supported by Erdner's cancelled checks by which it paid these amounts to Mr. Prosser. This double invoicing was utilized throughout the 1953–1958 period. The same type of double invoices were received in evidence with respect to the year 1958.

The taxpayers base their failure to include the amounts for which assessments were made for the various years primarily on ignorance. It is maintained by the plaintiffs that the husband-plaintiff had been preparing the income tax returns; that he was not versed in income tax preparation knowledge; that husband-plaintiff's interpretation of the federal income tax law was incorrect, and that he had prepared the returns without benefit of counsel. But this is not credible in view of the education and business experience of Mr. Prosser.

■■ The consistent failure to report substantial amounts of income is strong and adequate evidence of fraud. Visceglia v. Commissioner, decided September 29, 1961, P-H Memo T.C., par. 61,276, affirmed per curiam, 311 F.2d 946, Case No. 2 (C.A.3). See also: Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Cirillo v. United States, 314 F.2d 478, 482–483 (C.A.3); Agnellino v. Commissioner, 302 F.2d 797, 801 (C.A.3); Shahadi v. Commissioner, 266 F.2d 495, 501 (C.A.3); Schwartzkopf v. Commissioner, 246 F.2d 731, 734 (C.A.3) and Mikelberg v. Commissioner, 234 F.2d 34 (C.A.3). The taxpayers offer no satisfactory or reasonable explanation for the repeated failure to report substantial amounts of their income in each of the years 1953 through 1958, inclusive. The evidence warrants a finding by this Court that the understatements were fraudulent and made with the intent to evade the payment of taxes. Goe v. Commissioner, 198 F.2d 851, 853 (C.A.3).

■ The double sets of invoices for the years 1956, 1957 and 1958, together with the admission that this practice was utilized throughout the six year period is also strongly indicative of fraud. Masters v. Commissioner, 243 F.2d 335, 337 (C.A.3), citing Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418.

The taxpayers' general and unsupported statement that their failure to report income was in some way justified by deductions for the cost of doing business is unconvincing. See Masters v. Commissioner, supra, 243 F.2d at page 338.

The findings of fact are here included as provided for in Federal Rule of Civil Procedure 52.

## CONCLUSIONS OF LAW

■ 1. The burden of proving civil fraud is upon the Government.

2. The Government has adequately sustained its burden by a substantial preponderance of the evidence.

3. The assessments as made for income tax purposes based on the United States Treasury Form 870 are valid.

4. The plaintiffs' underpayment of taxes in each of the years 1953, 1954, 1955 and 1958 was due to fraud.

5. The plaintiffs are not entitled to recover and judgment will be entered for the defendant, together with costs.