HARTZ, Circuit Judge,
dissenting:
I respectfully dissent. The majority opinion fully and lucidly sets forth the evidence in the record. Therefore, my remarks can be brief,
jn my v¡ew summary judgment was im-pr0per because a reasonable juror could be persuaded by Plaintiffs’ evidence that (1) Agent Conde>s affidavit contained false information that was necessary to establish probable cause to search their home and (2) Agent Conde included the false information knowingly or recklessly. See Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Two sentences in the affidavit showed that Plaintiffs’ home on 340 Heizer was where Travis Underwood purchased drugs: (1) “Underwood told SA Conde that he (Underwood) was walking to the white trailer house with blue/green trim on the east side of Heizer Street, just south of the railroad tracks [a description of 340 Heizer].” (2) “After approximately 10 minutes had elapsed, SA Conde observed Underwood emerge from the trailer [at 340 Heizer] and cross the railroad tracks towards SA Conde’s position.” But Mr. Underwood testified at his deposition that he did not enter 340 Heizer and made the purchase in a nearby trailer. It is a natural *674 inference from this testimony that Agent Conde did not see Mr. Underwood “emerge” from 340 Heizer and that Mr. Underwood had not told Agent Conde that he was going to the trailer at that address to make a purchase.
If a juror believed Mr. Underwood, then the juror could infer not only that the quoted statements in Agent Conde’s affidavit were false but also that they were knowingly or recklessly false. See De-Loach v. Bevers, 922 F.2d 618, 622 (10th Cir.1990) (“Recklessness may be inferred from omission of facts which are ‘clearly critical’ to a finding of probable cause.”). In particular, Agent Conde either saw Mr. Underwood “emerge” from the trailer at 340 Heizer or he did not. To say that he did when he did not is to make a knowing-t , , , in/r j.i.1 £ ly false statement. Moreover, the loss of the two recordings of Agent Conde’s conversation with Mr. Underwood could be viewed as evidence that Agent Conde acted with a culpable state of mind. Not only did Agent Conde admit to recording over the microcassette recording of the conversation but he also lost the KBI recording. Although these actions may have been merely negligent, one could reasonably believe that such sloppiness was highly unlikely and infer that Agent Conde wished to conceal tangible evidence of his misconduct. See Ashcraft v. Tennessee, 327 U.S. 274, 278, 66 S.Ct. 544, 90 L.Ed. 667 (1946) (“Wilful concealment of material facts has always been considered as evidence of guilt.”); Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943) (wilfulness of evasion of taxes can be inferred from destruction of books or records); 2 Kenneth S. Broun, McCormick on Evidence § 265 (6th ed.2006).
Accordingly, I would hold that there are genuine issues of material fact precluding summary judgment.