T.C. Memo. 2009-225

UNITED STATES TAX COURT

BRIAN M. DIMERCURIO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7113-07.                   Filed October 1, 2009.

Brian M. DiMercurio, pro se.

A. Gary Begun, for respondent.


MEMORANDUM OPINION

GOEKE, Judge:  The only issue remaining for disposition in
this deficiency case is whether petitioner is subject to the
additions to tax for fraudulent failure to file income tax
returns for 2001 through 2004 under section 6651(f).[1]

_____

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

Petitioner, a wage earner, asserts he is not a taxpayer, but rather his "Social Security Trust" is the taxable entity. We find for the reasons explained herein that petitioner's claim of good faith in failing to file Forms 1040, U.S. Individual Income Tax Return, for the years at issue is not credible, and we further find that respondent has proven by clear and convincing evidence that petitioner's failure to file income tax returns was fraudulent.

At the time petitioner filed his petition, he resided in Michigan.

## Background

Petitioner was an employee of Compuware Corp. during the years at issue. He received a Form W-2, Wage and Tax Statement, from his employer reflecting wages. Petitioner filed a Form W-4, Employee's Withholding Allowance Certificate, in February 2000 claiming he was exempt from Federal income tax in order to avoid any withholding of Federal income tax from his wages that year. He subsequently filed similar State and Federal withholding forms making the same assertion for subsequent years. In 2003 he signed a Form W-4 in which he claimed allowances for 12 dependents. Petitioner was not exempt from Federal income tax and did not have 12 dependents. As a result of filing the Forms

---

[1](...continued)
the Internal Revenue Code.

W-4, petitioner did not have any Federal income tax withholding in 2001 and 2003.  He received wages of $85,791.34 and $86,623, respectively, in 2001 and 2003.  The 2002 Form W-2 his employer prepared reflects $826.75 of Federal income tax withheld in that year and wages of $89,772.32.  In 2004 petitioner received wages of $80,565.09, and $4,267.28 was withheld from his wages for Federal income tax.

Petitioner last filed a Form 1040 for the tax year 1999.  In December 1999 petitioner sent a letter to his employer claiming to "hereby withdraw my authorization for Compuware to withhold tax from my personal earnings."  He thus began his efforts to avoid paying Federal income tax.

His failure to file a Federal income tax return for 2000 did not go unnoticed, and respondent issued a notice of deficiency to petitioner on April 19, 2004.

Petitioner petitioned this Court relative to the 2000 year in Brian M. DiMercurio (A Trust) v. Commissioner, docket No. 13304-04, and on December 7, 2004, the Court issued an order and decision dismissing the case for failure to state a claim.  The order and decision states that there is no legal basis to support the argument that the "trust" was the true party in interest and that the "trust" earned the wages petitioner was paid in 2000. The Tax Court's decision was affirmed by the U.S. Court of Appeals for the Sixth Circuit via a mandate issued on November 8,

2005.  <u>DiMercurio v. Commissioner</u>, No. 05-1052 (6th Cir. Sept. 16, 2005).  The Court of Appeals awarded costs of $6,000 to the Commissioner.

Petitioner has pursued his position in other cases, including an appeal from a Tax Court order involving 2005 Federal income tax which resulted in an order filed by the U.S. Court of Appeals for the Sixth Circuit in <u>DiMercurio v. Commissioner</u>, No. 08-1256 (6th Cir. Oct. 7, 2008).  On page 2 of that order, the Court of Appeals stated:

> DiMercurio argues that the Social Security Administration, in assigning him a unique Social Security number, created a federal trust.  That trust, he asserts, earned the funds owed to the IRS and should have been identified in the notice of deficiency.  This argument, which is clearly fantastic and delusional, does not deserve extensive refutation.

Nevertheless, petitioner continues to pursue the same position in the present case.

In an order dated February 27, 2008, in this docket, respondent's motion for partial summary judgment was granted, and the deficiencies in income tax and additions to tax under section 6654(a) were sustained.

In 2004 petitioner submitted Forms 1041, U.S. Income Tax Return for Estates and Trusts, for tax years 2000 through 2004 and also submitted amended versions of these returns.  On these returns he consistently claimed the amounts of the wages he received from Compuware as "Fiduciary fees" expense deductions.

Petitioner did not contact a tax professional at any time to seek advice about his position that he was exempt from Federal income tax, and he has continued to maintain the same frivolous position until the present.

Respondent issued a notice of deficiency to petitioner on January 4, 2007, which determined additions to tax under section 6651(f) as follows:

| Year | Amount |
|------|--------|
| 2001 | $11,684.63 |
| 2002 | 29,084.83 |
| 2003 | 10,269.63 |
| 2004 | 6,202.38 |

Petitioner timely petitioned this Court for redetermination of the deficiencies and additions to tax. The additions to tax under section 6651(f) are the only amounts remaining at issue following the February 27, 2008, order. Regarding these additions to tax, a trial was held in Detroit, Michigan.

## Discussion

Section 6651(a) imposes additions to tax upon taxpayers who fail to file Federal income tax returns without reasonable cause according to the net amount of tax due. Sec. 6651(b). Section 6651(f) provides for an increased addition to tax when the failure to file is fraudulent. The amount of each addition to tax respondent seeks pursuant to section 6651(f) is 75 percent of the tax required to be shown on the unfiled return.

Respondent has the burden of proving, by "clear and convincing evidence" that there is an underpayment of tax and that petitioner intended to evade taxes known or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes.  See sec. 7454(a); Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), affg. T.C. Memo. 1985-63; Stoltzfus v. United States, 398 F.2d 1002, 1005 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Fraud is not to be imputed or presumed, but rather must be established by some independent evidence of fraudulent intent. Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96, 106 (1969).  Fraud may be established by surveying the taxpayer's entire course of conduct and drawing reasonable inferences therefrom.  Spies v. United States, 317 U.S. 492, 499 (1943); Korecky v. Commissioner, supra at 1568; Rowlee v. Commissioner, supra at 1123; Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984).  Although fraud may not be found under "'circumstances which at the most create only suspicion'", the intent to defraud may be inferred from any conduct the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes believed to be owing.  Spies v.

United States, supra at 499; Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989) (quoting Davis v. Commissioner, 184 F.2d 86, 87 (10th Cir. 1950), remanding a Memorandum Opinion of this Court).

Courts have relied on a number of indicia or badges of fraud in deciding whether to sustain the Commissioner's determinations with respect to the addition to tax for fraud.  Although no single factor may be necessarily sufficient to establish fraud, the existence of several indicia may be persuasive circumstantial evidence of fraud.  Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603; Beaver v. Commissioner, supra at 93.

Circumstantial evidence that may give rise to a finding of fraudulent intent includes, but is not limited to, the following:

- Understatement of income;

- inadequate records;

- pattern of failure to file tax returns;

- awareness of obligation to file returns, report income, and pay taxes;

- implausible or inconsistent explanations of behavior;

- concealment of assets;

- failure to cooperate with tax authorities;

- filing false Forms W-4;

- failure to make estimated tax payments;

- dealing in cash.

These "badges of fraud" are nonexclusive. The taxpayer's background and the context of the events in question may be considered as circumstantial evidence of fraud. Spies v. United States, supra at 497; United States v. Murdock, 290 U.S. 389, 395 (1933).

While these badges of fraud may be present, the taxpayer may still have a "good faith understanding of the law" that may negate the Internal Revenue Service's (IRS) allegation of fraud. See Raney v. Commissioner, T.C. Memo. 2000-277. In Raney, the taxpayer received wages and pension income and then reported zero income on his tax returns on the meritless claim that the income represented nontaxable receipts. Nevertheless, the Court rejected the Commissioner's position to impose the fraud penalty under section 6651(f) on account of the taxpayer's allegation of good-faith misunderstanding of the application of the law.

Petitioner falsely claimed he had a trust, filed trust tax returns (i.e., Forms 1041), and intentionally failed to file individual income tax returns (i.e., Forms 1040) for the years at issue. In other instances, similar actions by taxpayers have been construed as sufficient willfulness to warrant criminal conviction. See, e.g., Christians v. Commissioner, T.C. Memo. 2008-220. Petitioner's conduct is unquestionably deliberate.

In <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202 (1992), we held that a taxpayer who acts willfully cannot avail himself of the "good-faith misunderstanding" defense explained in <u>Cheek v. United States</u>, 498 U.S. 192 (1991). See also <u>Lopez v. Commissioner</u>, T.C. Memo. 2001-211. In <u>Niedringhaus v. Commissioner</u>, <u>supra</u> at 217 (citing <u>United States v. Burton</u>, 737 F.2d 439, 442-443 (5th Cir. 1984), and <u>United States v. Ware</u>, 608 F.2d 400, 405 (10th Cir. 1979)) we stated: "There is a difference, however, between a good-faith misunderstanding of the laws and a good-faith belief that the law is invalid or a good-faith disagreement with the law."

Petitioner, who is college-educated, conducted his own research using the Internet. He formulated his own conclusions, failed to consult with a competent tax adviser, and manifested his intent by taking action to eliminate withholding. Having observed petitioner's testimony at length, we found that his intention was to evade tax and his "trust theory" was little more than an artifice to evade tax. We find petitioner's claims of good faith lack credibility.

Petitioner intentionally took aggressive steps to stop the withholding of Federal income tax from his wages and failed to file personal income tax returns for the years in question. These actions and omissions were part of his plan to evade the payment of income tax. He points to the Forms 1041 he filed on

the theory that a trust earned the income, but these "trust" returns were filed only years after the failure to file began and after he had been confronted with his failure to file by respondent's revenue agents. These trust returns provide no support for petitioner's claim of good faith because his true intent to evade tax is evidenced by the matching of every dollar of wage income he was paid to a specious claim of fiduciary fee expense on a Form 1041.

Given these facts, we find respondent has proven by clear and convincing evidence that petitioner's failure to file for 2001, 2002, 2003, and 2004 was fraudulent. Therefore we sustain the additions to tax under section 6651(f). Because of this result and the previous order of this Court,

<u>Decision will be entered</u>

<u>for respondent</u>.