**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EDMUND C. BOTHA, <br><br> Defendant-Appellant. | No. 09-10301 <br><br> D.C. 2:06-cr-00274-KJD-LRL-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 17, 2011 [**]
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District Judge.[***]

A jury convicted defendant-appellant Edmund C. Botha ("Botha") of tax evasion, contrary to 26 U.S.C. § 7201, and the district court sentenced him to 60

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

months in prison. On appeal, Botha challenges his conviction and sentence. We affirm.

## I.

Botha (through counsel) first argues that the district court's refusal to provide his requested jury instruction regarding "willfulness" deprived him of the ability to argue his theory of defense. We review de novo whether the district court's instructions adequately presented the defendant's theory of the case, but review their precise formulation for abuse of discretion. United States v. Stinson, 647 F.3d 1196, 1215 (9th Cir. 2011). The instructions were adequate in this case. The district court provided a legally correct definition of the term "willfully," as well as a "good faith" instruction in substantially the same form Botha requested. The instructions, read together, adequately covered Botha's defense theory; the district court accordingly did not err in refusing to give the precise instruction Botha requested. See, e.g., United States v. Chen, 933 F.2d 793, 796 (9th Cir. 1991). Nor did the court err in failing to instruct on "gross negligence." See United States v. McGill, 953 F.2d 10, 13 (1st Cir. 1992). Finally, we note that Botha's proposed instruction may have misled the jury into believing that acts done with mixed motives, see Spies v. United States, 317 U.S. 492, 499 (1943), or otherwise legal acts (such as dealing in cash or entering in a

voluntary child support agreement) could not result in a violation of 26 U.S.C. § 7201, see, e.g., United States v. Jungles, 903 F.2d 468, 474 (7th Cir. 1990).

## II.

The appellate commissioner granted Botha permission to file pro se supplemental briefs despite the fact that he was represented by counsel. We have considered these arguments but find that they lack merit.

Botha first contends that the government destroyed two pieces of potentially exculpatory evidence. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Botha failed to raise this issue below, so our review is for plain error. See, e.g., United States v. Wilkes, 662 F.3d 524, 534-35 (9th Cir. 2011). The trial testimony showed that the evidence at issue was either purged/destroyed for innocent reasons or accidentally misplaced; the record contains no evidence of bad faith destruction.

Second, Botha argues that the prosecutor engaged in misconduct by claiming in opening and closing that he had not paid any taxes since 1997. Because Botha failed to object to these statements in the district court, our review is for plain error only. See id. at 535-36. We must consider the challenged comments in the context of the entire trial, see United States v. Cabrera, 201 F.3d 1243, 1246 (9th Cir. 2000), and will reverse only if the prosecutor's improper conduct so affected the jury's ability to consider the evidence fairly that it deprived Botha of a fair trial, United States v. Smith, 962 F.2d 923, 935 (9th Cir. 1992). Read in context, the challenged

3

statement during the prosecutor's opening cannot be deemed misleading, as counsel was then discussing tax years 1998-2001, and Botha had not, at the time he was indicted, paid towards those years. The challenged statement made during closing failed to include a limitation to the tax years at issue, but it too must be considered in context, as the prosecutor was at that point responding to a defense contention that the IRS should have contacted Botha's accountant and worked out (another) payment agreement. At all events, this was at most a single isolated comment that was highly unlikely to mislead the jury, particularly given that defense counsel in his closing argument reiterated the payments Botha made to the IRS. See United States v. Wright, 625 F.3d 583, 613 (9th Cir. 2010). Botha cannot show that he was denied a fair trial.

Third, Botha argues that the district court erred in allowing the government to introduce evidence regarding a $1.1 million house purchased by his girlfriend. Once again, because Botha failed to object, our review of this claim is for plain error. United States v. Khan, 993 F.2d 1368, 1376 (9th Cir. 1993). Given the deference ordinarily due a district court's decision to admit evidence, it is the rare exception when a district court's decision to admit evidence constitutes plain error. United States v. Rizk, 660 F.3d 1125, 1132 (9th Cir. 2011). Botha's girlfriend admitted that Botha funded her purchase of the home (rather than paying his taxes), see, e.g., Barnett v. IRS, 988 F.2d 1449, 1457 (5th Cir. 1993), and the placement of assets in

4

the name of another constitutes probative evidence of evasion, see, e.g., United States v. Huebner, 48 F.3d 376, 380 (9th Cir. 1994). Botha fails to explain how this probative evidence was unfairly prejudicial.

Fourth, Botha argues that the district court erred in denying him a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review a district court's denial of acceptance points under a "clearly erroneous" standard, United States v. Moore, 109 F.3d 1456, 1468 (9th Cir. 1997), and find no reversible error here. The district judge understood that he could grant the reduction, notwithstanding the fact that Botha went to trial, but correctly focused on Botha's pre-trial conduct. U.S.S.G. § 3E1.1 cmt. n.2. Botha attempted to enter into a plea agreement with the government, but the agreement Botha proposed called for him to plead to lesser included offenses (misdemeanors) rather than the crime with which he was charged. See United States v. Carroll, 6 F.3d 735, 741 (11th Cir. 1993). Botha then went to trial because he disputed the government's ability to prove that his conduct was willful; courts routinely deny the acceptance reduction under such circumstances. See, e.g., United States v. Chastain, 84 F.3d 321, 324 (9th Cir. 1996); United States v. Burrows, 36 F.3d 875, 883 (9th Cir. 1994). Botha fails to demonstrate legal error in the district court's construction of the guideline or clear error in the court's factual findings.

5

Finally, Botha challenges his sentence. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. See, e.g., United States v. Espinoza-Baza, 647 F.3d 1182, 1195 (9th Cir. 2011), cert. denied, 2012 WL 137032 (U.S. Feb. 21, 2012). The district court rejected Botha's primary argument regarding his special needs child, finding that Botha failed to take timely steps to address the situation, and that Botha was not an irreplaceable care-giver. The district court passed over in silence Botha's arguments regarding his military service and lack of record, but it is the procedural provisions of 18 U.S.C. § 3553 that require engagement with the defendant's arguments, not the substantive provisions. See United States v. Paul, 561 F.3d 970, 974 n.2 (9th Cir. 2009). Botha makes no argument of procedural error, and the district court's failure to specifically discuss these other issues does not make the sentence unreasonable. See Rita v. United States, 551 U.S. 338, 358-59 (2007). The judge correctly calculated the guideline range, which incorporated Botha's lack of record, and he heard the evidence regarding Botha's military service. The judge specifically acknowledged his authority to grant a variance but found a guideline sentence appropriate given the aggravated nature of the case. The judge adequately considered the § 3553(a) factors and reached a conclusion reasonably supported by the circumstances.

**III.**

For the foregoing reasons, we affirm Botha's conviction and sentence.

6

**AFFIRMED.**