NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50375 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00930-TJH-2 |
| v. | |
| DAVID KALAI, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50381 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:11-cr-00930-TJH-3 |
| NADAV KALAI, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted August 10, 2017**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and OWENS, Circuit Judges, and GILLIAM,*** District Judge.

David Kalai (David) appeals from his jury convictions for one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and two counts of willful failure to file reports of foreign bank and financial accounts (FBARs), in violation of 31 U.S.C. §§ 5314, 5322(a). David contends that the district court clearly erred by finding him competent to stand trial. David's son, Nadav Kalai (Nadav), was convicted of the same charges, but appeals only from his jury convictions for the two FBAR counts. Nadav argues that the district court's jury instructions for those counts were erroneous and that there was insufficient evidence to convict him. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court's finding that David was competent to stand trial was supported by ample evidence in the record. The only disagreement among the four experts for the government and defense was whether David could reasonably assist counsel in his defense, in light of a cognitive impairment that caused memory issues. In assessing these expert opinions, the district court was "free to assign

***  The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

2

greater weight to the findings of experts produced by the Government than to the opposing opinions of the medical witnesses produced by the defendant." *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991). Therefore, David's focus on conflicts in the record and on discrediting the government's experts does not establish clear error. *Id.*

Moreover, the record as a whole supports the district court's competency finding. David was able to engage in logical, detailed discussions regarding his case, and was easily redirected back to the topic at hand when he digressed or repeated himself. Furthermore, he demonstrated the ability to thoughtfully consider his legal options and to weigh advice from his lawyer and others. Although the record indicates David could be difficult to work with, was in poor health, and struggled with memory lapses and focus, it also reflects his ability to think logically and coherently and thereby assist in his defense. Therefore, the district court did not clearly err by finding David competent to stand trial.

2. Regarding Nadav's appeal, the jury instructions given by the district court for the FBAR counts were not "misleading or inadequate." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (citation omitted). A conviction for willful failure to file a FBAR requires proof that "the defendant acted with knowledge that his conduct was unlawful," meaning he intentionally violated "a known legal duty." *Ratzlaf v. United States*, 510 U.S. 135, 137, 141-42 (1994).

The district court appropriately instructed the jury that (1) the government had to prove Nadav "willfully failed to file a [FBAR]" and (2) "willfully" meant Nadav "knew federal law imposed a duty on him to file a [FBAR] . . . [and] intentionally and voluntarily violated that duty." Nadav's proposed additions to those instructions were superfluous, because the jury could not find that Nadav intentionally violated a known duty without also finding that he knew the foreign account at issue contained over $10,000—the amount that triggered the requirement to file a FBAR.

The district court's additional instruction to review the blank FBAR form in evidence in response to a jury question further demonstrates the adequacy of the instructions, because that form stated that "[n]o report is required if the aggregate value of the [foreign] accounts did not exceed $10,000." *See Beardslee v. Woodford*, 358 F.3d 560, 590 (9th Cir. 2004) ("Written instructions in response to juror notes may be treated as jury instructions for purposes of review."). Moreover, the jury heard testimony on FBAR filing requirements, and Nadav's counsel argued in closing that Nadav could only be convicted if he knew the account contained over $10,000. *Cf. United States v. Johnson*, 680 F.3d 1140, 1148 (9th Cir. 2012) (separate perjury instruction not required in part because the defense "pointed out [the witness's] alleged perjury to the jury"). Accordingly, viewed "as a whole in the context of the entire trial," *id.* at 1147 (citation omitted),

the jury instructions were both correct and adequate, and there are no grounds for reversal on this basis.

3. Sufficient evidence supported Nadav's convictions on the FBAR counts. Although the government did not introduce direct evidence of Nadav's knowledge of the amount in the foreign account at issue, it provided sufficient circumstantial evidence from which the jury could reasonably infer that Nadav knew the account contained more than $10,000, and therefore knew of his duty to file FBARs. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

In particular, the evidence of Nadav's established methods for helping wealthy clients evade tax liability, and evidence that Nadav used those methods in opening the foreign account, would reasonably allow the jury to infer that Nadav knew the foreign account contained more than $10,000 and sought to hide that income from the Internal Revenue Service. *Cf. Karme v. Comm'r of Internal Revenue*, 673 F.2d 1062, 1064 (9th Cir. 1982) (in tax case, testimony unrelated to particular transaction was admissible because it "tend[ed] to establish a pattern or practice of tax planning of which [the] transaction was a part"). Such inferences were especially reasonable in light of Nadav's statements that his strategy was only useful for wealthy clients, as well as evidence that the money involved in his clients' accounts far exceeded $10,000. The jury could reasonably rely on that evidence, as well as its experience and common sense, and find that Nadav knew

5

the foreign account contained more than $10,000.

Evidence that Nadav had signatory authority over the account and was informed of at least one transfer of funds further supported the jury's conclusion that Nadav's failure to file was willful. Furthermore, the steps Nadav took to conceal the foreign account could allow the jury to infer knowledge of the account balance and therefore find willfulness. *Cf. Hawkins v. Franchise Tax Bd. of Cal.*, 769 F.3d 662, 668 (9th Cir. 2014) (holding that willfulness in the context of felony tax evasion may be shown through "any kind of conduct, the likely effect of which would be to mislead or conceal" (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943))). Accordingly, sufficient evidence supported Nadav's convictions on the FBAR counts.

**AFFIRMED.**