UNITED STATES of America,
Plaintiff,

v.

CHAS. PFIZER & CO., Inc., Defendant.

Civ. No. C–18740.

United States District Court
E. D. New York.

Sept. 7, 1965.

See also D.C., 205 F.Supp. 94.

John J. Galgay, U. S. Dept. of Justice, Anti-Trust Div., for plaintiff; Herman Gelfand, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Attorneys for defendant; John E. F. Wood, New York City, of counsel.

MISHLER, District Judge.

The Court signed and filed its Opinion and Findings of Fact and Conclusions of Law on May 5, 1965, D.C., 246 F.Supp. 464; The Clerk entered judgment thereon dismissing the complaint on May 6, 1965.

The Government moves to amend the Findings and Conclusions and the Judgment, and for additional Findings and Conclusions pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. Defendant makes a "protective" motion to amend the Findings.

The Court alluded to the relevant markets chosen by the Government in its charge of monopolization and attempted monopolization in its Findings of Fact (Finding 16) and, further, found that the Government failed to prove the portion of the relevant market occupied by the defendant (Finding 31). The Court held this failure fatal and dismissed the

claim of monopolization and attempted monopolization under § 2 of the Sherman Act.

The Court found that the Government's claim was that defendant monopolized or attempted to monopolize two relevant markets (a) acidulants in foods and beverages, and (b) acids in effervescent alkalizing preparations.

The Government now argues that proof of *relevant market* is not essential to a claim of attempted monopolization citing Lessig v. Tidewater Oil Co., 1964, 9th Cir., 327 F.2d 459, 474; that it need only prove: (a) an attempt to monopolize the manufacture and sale of citric acid— "any part of trade or commerce", and (b) a specific intent to monopolize that part of trade or commerce. But see American Football League v. National Football League, 1962, (U.S.D.C.Maryland), 205 F.Supp. 60 aff'd 1963, 4th Cir., 323 F.2d 124;[1] United States v. Johns-Manville Corp., 1964 (E.D.Pa), 231 F.Supp. 690, 699.

Support for the Government's positions is found in a paper by Donald F. Turner, entitled "Anti Trust Policy and the Cellophane Case" Hoffman's Anti-Trust Law and Techniques, Vol. 2 (1963) p. 139, reprinted in ·70 Harvard Law Review 281, 294.[2]

No case has been cited in this circuit for approval of the principle stated in Lessig. In United States v. Consolidated Laundries Corp., 1961, 2d Cir., 291 F.2d 563, 573, the Court cited the Yellow Cab case and the Turner paper. There, the Court considered a criminal charge of conspiracy to monopolize the sale of taxi-cabs under § 2 of the Sherman Act. The Court, in distinguishing a charge of conspiracy to monopolize from a charge of monopolization, stated at 291 F.2d p. 573:

> " * * * Section 2 makes it unlawful 'to conspire to monopolize 'any part' of interstate commerce, without specifying how large a part must be affected. Hence it is enough if some appreciable part of interstate commerce is the subject of the conspiracy. United States v. Yellow Cab Co., 332 U.S. 218, 225–226, 67 S.Ct. 1560, 1564, 91 L.Ed. 2010."

■ Conceptually, attempted monopolization and conspiracy to monopolize are different, and the elements of the claim are different. In Continental Ore Co. v. Union Carbide & Carbon Corp., 1962, 370 U.S. 690, 709, 82 S.Ct. 1404, 1415–1416, 8 L.Ed.2d 777, the Court, referring to the trial court's charge in a treble damage claim, stated:

> " * * * The court also related its definition of 'attempt to monopolize' to action taken by a combination or conspiracy. * * *

> " * * * The trial court's misinterpretation of the law in defining 'monopolization' and 'attempted monopolization' in terms of 'conspiracy to monopolize' was therefore prejudicial rather than harmless."

1. The district court apparently felt that claims of monopolization and conspiracy were to be tested by intent to gain control over some "relevant market". (205 F.Supp. p. 65) The affirming court's opinion while viewing the "determination of relevant market" as the most important question (323 F.2d p. 128) did not comment on the district court's statement. Note 18 on p. 132 refers to the requirement of showing " * * * intent to gain an illegal degree of market control" in claims based on attempt and conspiracy.

2. The writer states: "As for definitions of market in attempt and conspiracy cases, there was good reason to conclude that Yellow Cab [1947, 332 U.S. 218, 67 S.Ct. 1560] and Columbia Steel [United States v. Columbia Steel Co.] [1948, 334 U.S. 495, 68 S.Ct. 1107 (92 L.Ed. 1533)] had virtually eliminated the question altogether. 'Any part' meant not a properly defined market in the economic sense, but merely a substantial amount of commerce."

Columbia Steel does not support the author's statement. The case held that the Government's failure to prove a § 1 violation under the Sherman Act, does not defeat a claim of attempted monopolization under § 2 (at p. 531–532, 68 S.Ct. at p. 1126).

The gravamen of conspiracy is an agreement to commit an illegal act; the gravamen of attempt is the specific intent to commit an illegal act, but falling short of completion.

■ The acts of attempted monopolization condemned by § 2 of the Sherman Act are those performed with the specific intent to unlawfully monopolize, but falling short of the goal. American Tobacco Co. v. United States, 1946, 328 U.S. 781, 785, 66 S.Ct. 1125, 1127, 90 L.Ed. 1575. In United States v. Aluminum Co. of America, 1945, 2d Cir., 148 F.2d 416, 431–432, the Court said:

" * * * Although the primary evil was monopoly, the Act also covered preliminary steps, which, if continued, would lead to it. * * * For this reason conduct falling short of monopoly, is not illegal unless it is in part a plan to monopolize, or to gain such other control of a market as is equally forbidden."

■■ In United States v. E. I. Du Pont De Nemours Co., 1956, 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264, the Court, considering the issues raised on the monopolization claim, held that no violation of statute is incurred in the control of a product where substitutes in the use of that product are available. Since the monopolization of citric acid does not offend § 2 of the Sherman Act, an attempted monopolization is equally inoffensive. C/f Spies v. United States, 1943, 317 U.S. 492, 498–499, 63 S.Ct. 364, 368, 87 L.Ed. 418. The Court concludes that proof of the relevant market as defined by the Findings of Fact and Conclusions of Law, and the Opinion heretofore filed was necessary to the Government's claim of attempted monopolization and dispositive of the issues raised by the motions.

■ The Court declines to make Findings which it deems impertinent. The plaintiff's motion and defendant's motion are in all respects denied.

Settle order on two (2) days notice.