**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lawrence POTTS, Defendant-Appellant.**

**No. 71–1497.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 19, 1972.

Decided April 25, 1972.

J. Robert Kaftan, Green Bay, Wis., Kaftan, Kaftan, Kaftan, Kuehne & Van Egeren, S. C., Green Bay, Wis., for defendant-appellant.

David J. Cannon, U. S. Atty., Joseph P. Stadtmueller, Steven C. Underwood, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff-appellee.

Before DUFFY and KNOCH, Senior Circuit Judges, and GRANT,* District Judge.

GRANT, District Judge.

Defendant was indicted and found guilty of underpayment of taxes in violation of 26 U.S.C. §§ 7201 and 7206(1) for the years 1962, 1963, and 1964, from which he appeals following a trial to the court, 321 F.Supp. 717. Defendant claims that the government's proof was insufficient to convict, and that the burden of proof was shifted to defendant. The errors assigned principally involve the prosecution's use of the net worth method of proof in establishing an opening net worth at the close of 1961, the defendant maintaining that his assets at the beginning of 1962 were greater than those established by the government's evidence.

During the years in question, defendant maintained a farm and a cheese manufacturing facility. The evidence showed a general depression in the cheese market at the close of 1961, that defendant withheld certain of his cheese products at public warehouses, and that the defendant's own property included storage areas sufficient in size to hold the alleged inventory which he urged would increase his opening net worth by an amount great enough to offset any tax liability for 1962.

---

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

■ The government's inventory calculations which formed the basis of establishing defendant's opening net worth, were substantiated by records introduced at trial. Defendant objects to the trial court's having accorded the government's evidence greater weight (which defendant does not challenge as inaccurate) to the exclusion of testimony adduced from the defendant's witnesses who claimed that defendant held additional cheese stores on his own premises some eight years prior to the trial. The district court found defendant's evidence "unpersuasive" in view of the long period of intervening time. Assessment of credibility is a matter committed to the discretion of the trier of fact. We find no error in the district court's determination, especially in view of the fact that defendant's claim was totally unsupported by any business records. Further, we do not believe that the government's failure to investigate leads furnished by these same witnesses of the defendant, whose credibility was so tenuous, requires reversal. Blackwell v. United States, 244 F.2d 423 (8th Cir. 1957) cert. den., 355 U.S. 838, 78 S.Ct. 49, 2 L.Ed.2d 50 (1957).

■ Bearing in mind the caution which must attend use of the net worth theory, the record reflects adequate proof from which the 1962 tax deficiency was established. "Reasonable certainty" is the standard by which the opening net worth must be measured, and the government's proof clearly met this test. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Contrary to defendant's assertion, such proof need not rebut all possible suggestions of non-taxable sources of an alleged higher net worth. *Holland, supra,* at p. 137, 75 S.Ct. 127, 99 L.Ed. 150. The opening net worth having been proven, a defendant remains quiet at his peril; this, however, does not create any presumption nor does it shift the burden of proof. *Holland, supra,* at p. 139, 75 S.Ct. 127, 99 L.Ed. 150; United States v. Mackey, 345 F.2d 499 (7th Cir. 1965).

■ Defendant further challenges the district court's finding of willfulness contending that the court failed to consider his lack of formal education and the fact that his wife had charge of the company's accounting. Wiseley v. Commissioner of Internal Revenue, 185 F.2d 263 (6th Cir. 1950). Realizing the realities of proving intent to evade taxes, the courts must often rely upon circumstantial proof as to intent. Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1942); Tinkoff v. United States, 86 F.2d 868 (7th Cir. 1937). It is sufficient to prove that a substantial amount of tax liability has been willfully averted or that there has been a pattern of under-reporting of income as revealed by the taxpayer's books and records. *Spies, supra;* United States v. Doyle, 234 F.2d 788 (7th Cir. 1956). The evidence herein revealed a number of substantial discrepancies between the defendant's cancelled checks for supplies and the records kept by this business—all of which represented an overstatement of expenditures for supplies in excess of $8,000.00. Additionally, these same records which defendant made available to government agents, revealed numerous changes which had been made in defendant's checkbook entries, increasing the amounts paid for materials used in his business. This documentary evidence was supported by the testimony of many of the defendant's suppliers. The record also demonstrates that defendant was fully involved with his business and its financial development. The proof amply supports the trial court's finding with respect to intent.

■ Viewing the evidence on appeal in the light most favorable to the government as we must, the district court's judgment is affirmed.