FRED I. JANSONS AND MARA JANSONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jansons v. Commissioner
Docket No. 22394-87.
United States Tax Court
T.C. Memo 1989-274; 1989 Tax Ct. Memo LEXIS 274; 57 T.C.M. (CCH) 655; T.C.M. (RIA) 89274; June 7, 1989. *274 Catherine R. Chastanet, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This case is before the Court on respondent's written motion to dismiss for lack of prosecution under Rule 123(b) [1] and, under Rule 123(a), to hold petitioners in default regarding the addition to tax for fraud under section 6653(b). Petitioners failed to appear at the time their case was called for trial. We find petitioners have failed properly to prosecute and pursuant to Rule 123(b) dismiss so much of this case as relates to petitioners' income tax deficiency. However, because respondent failed to set forth sufficient facts in its pleadings to support a finding of fraud, see , we do not dismiss that part of the case relating to the addition to tax for fraud. FINDINGS OF FACT Respondent determined a deficiency in petitioners' income tax for 1980 in the amount of $ 6,883.22, and an addition *275 to tax pursuant to section 6653(b) in the amount of $ 3,441.61. Petitioners resided in New York, New York at the time they filed their petition in this case. Petitioners failed to file a reply to respondent's affirmative allegations within 45 days of the filing of respondent's answer, and did so only after this Court ordered several extensions of the time within which to reply. Petitioners failed to respond to respondent's informal discovery request, and failed to obey an order of this Court to provide an address where they could be contacted. Pursuant to notice to the parties, this case was set for trial during the Court's February 21, 1989 trial session in Westbury, New York. On that date, no appearance was made by or on behalf of petitioners. Petitioners were given notice of the February 21, 1989 trial date in September 1988. Petitioners have in effect abandoned their case. Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against him for failure to prosecute properly in actions *276 where a taxpayer seeks the redetermination of a deficiency. ; , affd. without opinion . Respondent's motion to dismiss for lack of prosecution as to the deficiency is granted. Rule 123(b). Respondent has also moved to default with respect to the addition to tax for fraud. Petitioners have clearly failed to proceed with their case within the meaning of Rule 123(a). Under such circumstances, a default decision for fraud is appropriate if the pleadings set forth sufficient facts to support such a judgment. . We note that we are not prohibited from dismissing this petition simply because respondent bears the burden of proof on the fraud addition under section 6653(b). In , this Court held that "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported *277 by respondent's well-pleaded facts." In , we reiterated our holding in Bosurgi that entry of a default judgment for fraud is "appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts to support such a judgment." . Thus, respondent "must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." . In the answer, respondent denied all substantive allegations of fact and error and affirmatively alleged: 6. FURTHER ANSWERING the petition and in support of respondent's determination that a portion of the deficiency for petitioners' 1980 taxable year was due to fraud, the respondent alleges as follows: a. Petitioners fraudulently and with intent to evade federal income taxes did not report dividend income in the amount of $ 7,226.00 in 1980. b. Petitioners fraudulently and with intent to evade federal income taxes did not report miscellaneous income *278 in the amount of $ 10,216.00 in 1980. After reviewing the pleadings, we conclude that respondent has not set forth sufficient facts in the answer to support a finding of fraud. In paragraphs 6(a) and (b) of respondent's answer, respondent affirmatively alleges that petitioners fraudulently and with intent to evade taxes failed to report dividend and miscellaneous income in 1980. However, respondent's answer alleges no specific facts that if proven would demonstrate that petitioners understated their 1980 income tax liability. Compare . Rather, respondent's answer contains conclusory allegations of fraud which do not provide a sufficient basis from which the Court can default petitioners on the addition to tax for fraud. In the motion, respondent further alleged that, pursuant to a Complaint filed in the U.S. District Court for the Southern District of New York charging petitioners with conspiracy and tax evasion, 22. * * * petitioners were in the business of laundering cash. Specifically, petitioners arranged for the delivery of cash in exchange for a ten percent commission. 23. Respondent asserted unreported *279 miscellaneous income of $ 10,216 against petitioners as a result of a currency transaction report from Chemical Bank. 24. The amount of unreported miscellaneous income with which respondent charged petitioner [sic] in his statutory notice is believed to be an amount which is derived from petitioners' business of laundering cash. Respondent attached a copy of the criminal complaint filed against petitioners to the motion. Unlike Smith, the allegations made in respondent's motion are not in the pleadings in this case. Nor are such facts in deemed admissions or deemed stipulations. We do not permit respondent to rely on the motion to provide a basis for dismissal of the part of the case that relates to the addition to tax for fraud. An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice amd Procedure. All section references are to the Internal Revenue Code, as amended and as in effect during the years at issue.↩