T.C. Memo. 1998-195


UNITED STATES TAX COURT


PHILLIP VAZZANA AND ESTATE OF YVONNE VAZZANA, DECEASED, PHILLIP
VAZZANA, EXECUTOR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOSEPH M. VALENZA AND MILDRED VALENZA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 914-96, 915-96.          Filed May 27, 1998.


Ira M. Burman and Richard L. Manning, for petitioners.

Rogelio A. Villageliu and David S. Weiner, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, Judge:  Respondent determined the following
deficiencies in and additions to petitioners' Federal income
taxes:

Phillip Vazzana and Estate of Yvonne Vazzana, docket No. 914-96

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a) | Sec. 6653(b)(1) | Sec. 6661 | Sec. 6663(a) |
| 1988 | $69,781 | $1,786 | $25,550 | $17,445 | -- |
| 1989 | 190,002 | -- | -- | -- | $14,251 |

Joseph M. Valenza and Mildred Valenza, docket No. 915-96

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a) | Sec. 6653(b)(1) | Sec. 6661 | Sec. 6663(a) |
| 1988 | $28,383 | $112 | $19,609 | $7,096 | -- |
| 1989 | 20,941 | -- | -- | -- | $15,706 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are as follows:

1. The extent to which petitioners underreported the gross receipts of Valenza & Vazzana Construction Co. (V&V). We hold that they underreported such receipts by $121,289 for 1988 and $101,029 for 1989.

2. Whether petitioners have substantiated certain V&V expenditures. We hold that they have to the extent provided below.

3. Whether petitioners are each entitled to a depreciation deduction relating to their rental property. We hold that they are not.

4.  Whether Phillip Vazzana and Estate of Yvonne Vazzana correctly reported a capital gain they recognized on the sale of a house.  We hold that they did not.

5.  Whether Joseph M. Valenza and Mildred Valenza are entitled to deduct $2,485 of business expenses.  We hold that they are not.

6.  Whether petitioners are liable for additions to tax for fraud.  We hold that they are to the extent provided below.

7.  Whether petitioners are liable for additions to tax for negligence.  We hold that they are to the extent provided below.

8.  Whether petitioners are liable for additions to tax for substantial understatements of income tax.  We hold that they are to the extent provided below.

9.  Whether assessment and collection of the deficiencies and additions to tax are barred by expiration of the statutory period of limitations.  We hold that they are not.

                        FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time they filed their respective petitions, Phillip Vazzana resided in Lockport, Illinois, and Joseph and Mildred Valenza resided in Burr Ridge, Illinois.

During the years in issue, Messrs. Vazzana and Valenza each owned a 50-percent interest in V&V, an Illinois general partnership located in Chicago, Illinois.  V&V constructed and

remodeled commercial and residential property. It maintained a bank account at Lakeside Bank. Messrs. Vazzana and Valenza did not deposit all of V&V's gross receipts into V&V's bank account. Instead, they cashed a substantial number of customer checks at other neighborhood banks.

On its 1988 and 1989 Forms 1065 (U.S. Partnership Return of Income), V&V reported gross receipts of $373,483, and $548,863, respectively. The returns were prepared by V&V's accountants, Barbara Charal and Michael J. Baumhart. Messrs. Vazzana and Valenza knew that their accountants calculated V&V's gross receipts by totaling the deposits in V&V's account and that the cashed checks would not be reported on V&V's income tax returns.

In early 1991, respondent audited V&V's returns and Revenue Agent John Lee was assigned to the case. Mr. Lee asked Messrs. Vazzana and Valenza to provide records of V&V's income and customer accounts. They failed to cooperate with Mr. Lee, so he summoned V&V's bank records and obtained information directly from V&V's customers. Based on these documents, Mr. Lee determined that V&V underreported its gross receipts by $132,046 for 1988 and $111,734 for 1989.

Messrs. Vazzana and Valenza each owned a one-half interest in rental property valued at $200,000. The building was previously owned by Shield Development Corp. (SDC), a company in which Messrs. Vazzana and Valenza were stockholders. In 1987,

SDC liquidated and distributed the property to Messrs. Vazzana and Valenza. During 1988 and 1989, they each received unreported gross receipts from the property of $32,162 and $8,730, respectively.

In 1988, Mr. and Mrs. Vazzana sold a house they had constructed. On their joint 1988 Federal income tax return, they reported the $348,000 realized on the sale, a cost basis of $333,158, and a capital gain of $14,842.

The Vazzanas filed their 1988 and 1989 Federal income tax returns on April 17, 1989, and April 9, 1990, respectively, and reported adjusted gross income of $31,719 for 1988 and $32,115 for 1989. The Valenzas filed their 1988 and 1989 Federal income tax returns on April 14, 1989, and April 9, 1990, respectively, and reported adjusted gross income of $18,397 for 1988 and $38,197 for 1989. On April 12, 1995, petitioners executed Forms 872, extending the time for assessment of their 1988 taxes to October 31, 1995. On October 27, 1995, respondent issued notices of deficiency to petitioners.

OPINION

I. Unreported V&V Gross Receipts

Petitioners have conceded that they underreported V&V's gross receipts by $70,935 for 1988 and $69,494 for 1989. Respondent, however, contends that V&V received additional unreported gross receipts of $80,915 for 1988 and $43,656 for

1989. Respondent's additional gross receipts computation was based, in part, on documents (i.e., customer contracts and illegible checks), which were not probative evidence that V&V received income. As a result, respondent's computation overstated V&V's gross receipts by $30,561 for 1988 and $12,121 for 1989. Accordingly, we hold that Messrs. Vazzana and Valenza underreported V&V's gross receipts by $121,289 for 1988 and $101,029 for 1989.

## II. V&V Expenses

Petitioners contend that V&V made substantial cash expenditures to subcontractors for which they did not claim deductions. Specifically, they contend that V&V paid J. B. Johnson, a handyman, $40,000 in 1988 and $36,000 in 1989. Petitioners have failed, however, to provide any documentation to establish that V&V paid Mr. Johnson such funds. Mr. Johnson's testimony was contradictory and unpersuasive. He first stated that he had received the income and reported it on his tax returns. He later stated that he did not report the income, had no records of receiving such income, and may not have received the amounts petitioners contend V&V paid him.

Petitioners contend that V&V paid Frank Schmitt, a carpenter, $9,320 in 1988 and $11,960 in 1989. Mr. Schmitt testified that he received these amounts and reported them as income on his Federal income tax returns. Petitioners provided

copies of Mr. Schmitt's tax returns, and respondent does not dispute their authenticity. V&V issued Forms 1099 stating that it paid Mr. Schmitt $1,470 in 1988 and $1,579 in 1989. Mr. Schmitt explained that V&V reported on the Forms 1099 only the payments made by check, not cash. As a result, we conclude that V&V made cash payments to Mr. Schmitt of $7,850 in 1988 and $10,381 in 1989. Petitioners have failed, however, to establish the amount of any other cash expenditures that V&V made to subcontractors.

III. Depreciation Deduction for Rental Property

Petitioners contend that for 1988 they are each entitled to a depreciation deduction of $3,269 for their rental property. Respondent contends that petitioners have failed to establish their basis in the property. We agree. Accordingly, we hold that petitioners are not entitled to the depreciation deductions.

IV. The Capital Gain From the Sale of the House

On their joint 1988 Federal income tax returns, Mr. and Mrs. Vazzana reported $348,000 realized from the sale of a house, a basis of $333,158, and a capital gain of $14,842. Respondent contends that their basis should be limited to $282,788 and that their gain should be $65,212. The Vazzanas have established (i.e., through testimony, checks, and invoices), however, that

their basis was $314,849.  Accordingly, we hold that the Vazzanas recognized a capital gain of $33,151 on the sale of their house.

V.  Unreimbursed Business Expense Deduction

On their joint 1989 Federal income tax returns, Mr. and Mrs. Valenza claimed a $2,485 itemized deduction for unreimbursed business expenses.  We hold that petitioners are not entitled to this deduction because they have failed to present any evidence relating to this issue.

VI.  Additions to Tax for Fraud

Respondent determined that petitioners, pursuant to sections 6653(b)(1) and 6663(a), were liable for additions to tax for fraud.  Section 6653(b)(1), applicable to petitioners' 1988 returns, and section 6663(a), applicable to petitioners' 1989 returns, provide for additions to tax equal to 75 percent of the portion of the underpayment of tax that is attributable to fraud. If respondent establishes that any portion of an underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud except to the extent petitioners establish otherwise.  Secs. 6653(b)(2), 6663(b).  To prove fraud, respondent must establish, by clear and convincing evidence, that for each year in issue an underpayment of tax exists and that some portion of the underpayment is due to fraud.  Sec. 7454(a); Rule 142(b); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).

A.  Underpayment

Petitioners have conceded that they failed to report significant amounts of income that they received from V&V and their rental property. In addition, they have failed to establish that such amounts are offset by unreported expenses. Therefore, we conclude that respondent has presented sufficient evidence that petitioners underpaid their taxes for the years in issue.

B. Fraudulent Intent

To prove fraud, respondent must establish that petitioners intended to evade taxes through conduct designed to conceal, mislead, or otherwise prevent the collection of taxes. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraudulent intent is not to be imputed or presumed, but may be established by circumstantial evidence and reasonable inferences drawn from the facts. Spies v. United States, 317 U.S. 492, 499 (1943); Petzoldt v. Commissioner, supra; Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). The mere existence of deficiencies in tax liability does not establish fraud. Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). Exceedingly large, unexplained discrepancies between a taxpayer's actual income and reported income, however, do evidence fraud. Stone v. Commissioner, 56 T.C. 213, 224 (1971).

Respondent has provided sufficient evidence that petitioners failed to report V&V gross receipts of $121,289 for 1988 and

$101,029 for 1989.  This underreporting resulted from Messrs. Vazzana and Valenza cashing a substantial number of V&V customer checks, rather than depositing them into V&V's account.  Messrs. Vazzana and Valenza knew that their accountants calculated V&V's gross receipts by adding the deposits in V&V's account and that the cashed checks would not be reported on V&V's income tax returns.

Messrs. Vazzana and Valenza contend that they used the cash proceeds to pay for unreported V&V expenses and that the unreported receipts and expenses netted out.  Respondent, however, has established that, with the exception of the cash payments to Mr. Schmitt (i.e., $7,850 in 1988 and $10,381 in 1989), Messrs. Vazzana and Valenza did not substantiate any unreported cash expenditures.  Therefore, we reject their contention.  Messrs. Vazzana and Valenza concede that they each failed to report gross receipts from their rental property of $32,162 for 1988 and $8,730 for 1989.  They have offered no explanation for their failure to report this income. Accordingly, we hold that the portions of the deficiencies relating to V&V's gross receipts and the rental property were due to fraud and that Messrs. Vazzana and Valenza are liable for the additions to tax for fraud relating to such portions. Respondent, however, has not established that Mrs. Vazzana and Mrs. Valenza acted with fraudulent intent.  As a result, Mrs.

Valenza and Mrs. Vazzana's estate are not liable for the additions to tax for fraud.  See secs.  6653(b)(3), 6663(c). Petitioners have established that the remaining portions of the deficiencies did not result from their fraudulent intent.

VII.  Additions to Tax for Negligence

Respondent determined that petitioners, pursuant to section 6653(a), are liable for additions to tax for negligence for 1988. Petitioners concede that they were negligent.  Accordingly, we hold petitioners liable for the negligence additions to tax relating to the portions of the deficiencies that are not attributable to fraud.  See sec. 6653(a)(2).

VIII.  Additions to Tax for Substantial Understatement

Respondent determined that petitioners were liable, pursuant to section 6661, for additions to tax for substantial understatements relating to 1988.  Section 6661 provides that if there is a substantial understatement of income tax, there shall be added to the tax an amount equal to 20 percent of the amount of any underpayment attributable to such understatement.  Sec. 6661(a).  An understatement is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return.  Sec. 6661(b)(2).  An understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return.  Sec. 6661(b)(1).  The understatement is reduced,

however, to the extent that it is based on substantial authority, or adequately disclosed in the return. Sec. 6661(b)(2)(B). Petitioners have failed to establish that their understatements in tax were based on substantial authority or adequately disclosed. Accordingly, if the recomputed deficiencies satisfy the statutory percentage or amount, petitioners will be liable for such additions to tax. See, e.g., Cluck v. Commissioner, 105 T.C. 324, 340 (1995).

IX. Period of Limitations

Petitioners contend that assessment and collection of the deficiencies and additions to tax are barred by expiration of the statutory period of limitations. We disagree. Where returns are filed fraudulently with the intent to evade tax, the tax may be assessed at any time. Sec. 6501(c)(1). Accordingly, we hold that assessment and collection are not barred.

All other contentions raised by the parties are either irrelevant or without merit.

To reflect the foregoing,

Decisions will be entered

under Rule 155.