49 P.3d 406

IDAHO STATE TAX COMMISSION, Plaintiff–Respondent,

v.

John J. and Melani S. HAUTZINGER, husband and wife, Defendants–Appellants.

No. 27291.

Supreme Court of Idaho, Boise, February 2002 Term.

June 10, 2002.

Bosch, Daw & Ballard, Chtd., Boise, for appellants. C.A. Daw argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Charles E. Zalesky argued.

SCHROEDER, Justice.

John J. and Melani S. Hautzinger (the Hautzingers) appeal the district court's order that found that they had filed a fraudulent Idaho state tax return in 1988. The Hautzingers indicated on their tax return that they were Nevada residents. The Idaho State Tax Commission (the Commission) maintains that the Hautzingers were not Nevada residents that year, and falsely claimed to be Nevada residents in order to avoid paying Idaho state income tax for that year. The decision of the district court is affirmed.

## I.

## FACTS AND PROCEDURAL HISTORY

The Hautzingers were married in 1980 and moved into a home in Boise in 1986. At that time, Mr. Hautzinger was the majority shareholder and manager of Campbell Tractor, which had been started years ago by Mr. Hautzinger's father and uncle. By the mid–1980's, Mr. Hautzinger owned 95% of the company.

In 1987 Mr. Hautzinger began looking to sell his interest in Campbell Tractor and sold the stock on March 10, 1988. The net gain on the sale of stock was $1,466,185.00. The Hautzingers reported this gain on their 1988 federal income tax returns under the installment sale method. This gain was not reported on their 1988 Idaho state income tax returns.

The Hautzingers' 1988 Idaho income tax return indicated that they were part-year Idaho residents. Mr. Hautzinger was listed as a resident of Idaho from January 1, 1988 to January 31, 1988. He was listed as a Nevada resident for the rest of that taxable year. Mrs. Hautzinger was listed as residing

in Idaho for the entire year. On their 1989 and 1990 Idaho income tax returns, they were both listed as full-year residents of Nevada. Nevada has no individual income tax, so the gain recognized on the sale of the stock was not taxed by any state.

In September 1995, the Income Tax Audit Division of the Idaho State Tax Commission began an audit of the Hautzingers' 1988 through 1990 Idaho income tax returns. The Income Tax Audit Division issued a Notice of Deficiency Determination asserting additional Idaho income tax, fraud penalties, and interest for the 1988–1990 taxable year, totaling $277,681.00. The Hautzingers filed an administrative protest with the Commission, which upheld the deficiency determination. The Hautzingers appealed to the Idaho Board of Tax Appeals. The Board's final decision and order held that the Commission had been unable to prove by clear and convincing evidence that the Hautzingers filed fraudulent tax returns in 1988–1990. The Commission then appealed to the district court seeking de novo review under I.C. § 63–3812(c). The district court found that the Commission had met its burden with respect to the 1988 tax return but not the 1989 or 1990 tax returns. The Hautzingers appeal to this Court, arguing that the district court's findings are not supported by substantial and competent evidence.

## II.

## THE DECISION OF THE DISTRICT COURT IS SUPPORTED BY SUBSTANTIAL, COMPETENT EVIDENCE

### A. Standard of Review

 This Court's "review of a trial court's decision is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law." *Sowards v. Rathbun*, 134 Idaho 702, 706, 8 P.3d 1245, 1249 (2000). This Court "may not set aside a trial court's findings of fact unless they are clearly erroneous, that is, unless the challenged finding is not supported by substantial, competent evidence." *Id.* at 706–707, 8 P.3d at 1249–50 (citing I.R.C.P. 52(a); *Dept.*

*of Health & Welfare, ex rel. Osborn v. Altman,* 122 Idaho 1004, 842 P.2d 683 (1992)). "The substantial evidence standard for appellate review requires a greater quantum of evidence in cases where the trial court's findings must be supported by clear and convincing evidence, than in cases where a mere preponderance is required." *Id.* at 707, 8 P.3d at 1250 (citing *In Interest of Bush,* 113 Idaho 873, 749 P.2d 492 (1988)). "When reviewing the trial court's findings of fact in a case in which the facts must be established by clear and convincing evidence, the job of the reviewing court is simply to determine whether there is substantial and competent evidence to sustain the finding." *Id.* (citations omitted).

## B. Elements of Tax Fraud

Idaho Code § 63–3068 states in relevant part:

> (a) Except as otherwise provided in this section, a notice of deficiency, as provided in section 63–3045, Idaho code, for the tax imposed in this chapter shall be issued within three (3) years from either the due date of the return, without regard to extensions, or from the date the return was filed, whichever is later
>
> [ . . . ]
>
> (c) In the case of a fraudulent return or a false return with the intent to evade the tax imposed in this chapter, or a willful attempt in any manner to defeat or evade the tax imposed in this chapter, a notice of deficiency may be issued, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

In this case, the deficiency determination was issued more than three years after the filing of the return. Therefore, the tax may only be assessed under subsection (c) of the statute. In addition to asserting that the tax was owed, the Commission claimed the 50% fraud penalty set forth in I.C. § 63–3046(b). This section states: "If any part of any deficiency is due to fraud with intent to evade tax, then fifty per cent (50%) of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected and paid." I.C. § 63–3046(b). Therefore, the

Commission must prove that the deficiency was due to fraud with intent to evade tax.

■ There are no Idaho cases that set forth the elements necessary to prove tax fraud. The Board of Tax Appeals cited the traditional common law elements of fraudulent misrepresentation in its final order. The district court held that the common law elements of fraudulent misrepresentation did not apply in the tax fraud context.

The intent of the Idaho Income Tax Act is to make the provisions of the Act "insofar as possible . . . identical to the provisions of the Federal Internal Revenue Code." I.C. § 63–3002. The Ninth Circuit has addressed the elements of civil tax fraud. In a case involving the 50 percent penalty of the Federal Internal Revenue Code, the Ninth Circuit stated that "[i]n the context of the 50 percent penalty . . . fraud is intentional wrongdoing on the part of the taxpayer with the specific intent to avoid a tax known to be owing." *Conforte v. Commissioner,* 692 F.2d 587, 592 (9th Cir.1982). The burden is on the Commissioner to establish fraud by clear and convincing evidence, but intent can be inferred from strong circumstantial evidence. *Bradford v. Commissioner,* 796 F.2d 303, 307, (9th Cir.1986)(citing *Conforte,* 692 F.2d at 592; *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418, 423 (1943)).

Federal law has also recognized "badges of fraud," from which intent to defraud may be inferred. *Bradford,* 796 F.2d at 307. These "badges of fraud" include "(1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities." *Id.* (citations omitted).

■ It is therefore appropriate to adopt the definition of "tax fraud" as defined by federal courts, which is "intentional wrongdoing on the part of the taxpayer with the specific intent to avoid taxes known to be owing." *Conforte,* 692 F.2d at 592. This wrongdoing may be proven through strong circumstantial evidence. *Spies,* 317 U.S. at 499, 63 S.Ct. at 368, 87 L.Ed. at 423; *see also Bradford,* 796 F.2d at 307; *Pittman v. Com-*

*missioner,* 100 F.3d 1308, 1319 (7th Cir. 1996).

### C. Substantial Competent Evidence

■ The issue is whether the district court's findings that the Commission had established tax fraud by clear and convincing evidence are supported by substantial and competent evidence. The circumstantial evidence in this case supports the district court's findings of fact and conclusions of law.

On their 1988 Idaho income tax return, the Hautzingers list their address as 316 California Ave. Apt. 1390, Reno, Nevada, 89509. However, this address is not an apartment. It is the address of a post office box drop that Mr. Hautzinger had rented at The Postal Drop in Reno. There is no evidence in the record that this was a mistake or negligence on Mr. Hautzinger's part.

The district court also found that Mr. Hautzinger's trial testimony was not credible. Mr. Hautzinger testified that he moved to Reno in mid–1988 and rented rooms in various motels week-to-week. The court found that there was no credible evidence that Mr. Hautzinger had moved to Reno in mid–1988. While there is no evidence he moved to Reno in mid–1988, this testimony also contradicts his tax return, in which he stated that he lived in Idaho only during January of 1988. He also testified that once he moved to Reno, he only returned to Boise once every four to six weeks. However, on cross-examination he testified that he took care of his father and took him to treatments at St. Luke's "probably every two weeks."

There is no evidence in the record that Mr. Hautzinger rented any motel rooms in Reno. The only documentation Mr. Hautzinger had of any expenses in Reno was a $32.10 credit card expense at the Bonanza Inn on November 14, 1988. He did not apply for a driver's license in Nevada or register to vote there.

Mr. Hautzinger was a candidate for the Idaho State Senate in the fall of 1988. Under I.C. § 34–614, a candidate for the Idaho Senate must be a resident of Idaho and of the legislative district for one year preceding the November election. This is very strong evidence that Mr. Hautzinger had not established residency in Nevada.

The Hautzingers argue that the district court wrongly presumed fraud in this case. The district court's order specifically states, "[f]raud is never presumed." This statement is followed up with, "[h]owever, fraud may be established by circumstantial evidence," and this is a correct statement of the law. The Commission acknowledges that it does not have direct evidence of fraud and that this is a case involving only circumstantial evidence. The district court did not presume fraud; the district court found that the circumstantial evidence in the case met the clear and convincing standard.

While any one of the factors used by the district court may not be enough to establish fraud by clear and convincing evidence, taken together the evidence in the case supports the district court's findings. Mr. Hautzinger represented that he lived in an apartment in Reno, but only had a mail drop. He produced no documentation at trial that he had been renting motel rooms in Reno on a week-to-week basis. He was a candidate for the Idaho Senate, which required him to be an Idaho resident. The district court's order finding that the Hautzingers had committed civil tax fraud is supported by substantial, competent evidence.

### III.

### CONCLUSION

The decision of the district court is affirmed. The respondent is awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.