ARONSON, J.,
Concurring.—I fully concur with Justice Moore’s analysis, but write separately to highlight the differences I see between our position and Justice Fybel’s thoughtful and well-argued dissent.
*1177 The dissent views Revenue and Taxation Code section 19706 (section 19706) and 26 United States Code section 7201 (section 7201) as “ ‘substantially identical,’ ” explaining that neither statute “on its face requires evidence of an affirmative act.” (Dis. opn., post, pp. 1185, 1184.) Consequently, the dissent reasons that the United States Supreme Court’s interpretation of the phrase “willfully attempts ... to evade or defeat any tax” to require an affirmative act, such as destruction of records, applies equally to section 19706. (See Spies v. United States (1943) 317 U.S. 492, 498-499 [87 L.Ed. 418, 63 S.Ct. 364] (Spies) [interpreting § 7201].) But our Legislature in enacting section 19706 did not use the word “attempt” or any similar language. In my view, that makes all the difference, rendering the statutes entirely dissimilar in that crucial aspect.
It is a crucial distinction because in expressly criminalizing willful “attempts,” the federal statute necessarily requires an affirmative act. Both in the ordinary meaning of an “attempt” and in its long-standing legal interpretation, an attempt does not occur until there is some direct or overt act.
Thus, our Penal Code requires for a criminal attempt “a direct but ineffectual act” (Pen. Code, § 21a), and our Supreme Court has explained that an attempt involves “an act that ‘go[es] beyond mere preparation . . . and . . . show[s] that the perpetrator is putting his or her plan into action.’ ” (People v. Toledo (2001) 26 Cal.4th 221, 230 [109 Cal.Rptr.2d 315, 26 P.3d 1051].) Similarly, the federal high court recently explained, “Not only does the word ‘attempt’ as used in common parlance connote action rather than mere intent, but more importantly, as used in the law for centuries, it encompasses both the overt act and intent elements.” (United States v. Resendiz-Ponce (2007) 549 U.S. 102, 107 [166 L.Ed.2d 591, 127 S.Ct. 782].)
Based on this established understanding of attempt, Spies explained the difference between the federal misdemeanor offense of failing to pay a tax when due and the felony offense of attempting to evade a tax “is found in the affirmative action implied from the term ‘attempt.’ ” (Spies, supra, 317 U.S. at p. 498.) Spies reasoned: “We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.” (Id. at p. 499.)
Notably, section 19706 is distinct from federal law interpreted in Spies in two important respects. First, it is a wobbler. Consequently, unlike the tax evasion statutes in Spies, which consisted of separate misdemeanor and *1178 felony provisions differentiated by the “attempt” requirement in the latter, there is nothing in the language our Legislature chose to employ in section 19706 to elevate the offense from a misdemeanor to a felony. Instead, the exact same statutory language governs both and, as with any wobbler, whether to charge a misdemeanor or felony rests in the prosecutor’s sound discretion.
Second and related, the presence or absence of “attempt” or a word of similar import makes all the difference. There is in section 19706 no word or phrase requiring as in Spies “the affirmative action implied from the term ‘attempt.’ ” (Spies, supra, 317 U.S. at p. 498.) In contrast, section 19706 expressly criminalizes the exact omission Spies held was insufficient. Specifically, the Legislature based criminal liability, including felony liability, on a defendant’s omission or failure to timely file a tax return with the intent to evade the payment of taxes. The omission described in section 19706 is consistent with California law defining “a crime or public offense” as “an act committed or omitted in violation of a law forbidding or commanding it.” (Pen. Code, § 15, italics added.) In light of these differences, I cannot agree the state and federal statutes are substantially identical as the dissent claims.
Perhaps the following example best illustrates my disagreement with the dissent: Assume the prosecution presented evidence a defendant failed to timely file tax returns for three consecutive years, owed a substantial amount of taxes for that period, and confessed he failed to file the returns because he intended to avoid payment, but the prosecution offered no evidence of Spies acts. The logical extension of the dissent’s interpretation would require the court to dismiss the charges because no affirmative Spies acts were shown, even though the defendant admitted he intended to evade paying his taxes when he failed to file his return. I cannot agree the law requires that result.