NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 15-50410 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:15-cr-00086-JAK-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| FERNANDO GABRIEL | ) | |
| CARRILLO, AKA Fernando Gabriel | ) | |
| Salvado Carrillo, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 12, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Fernando Gabriel Carrillo appeals his conviction for damaging property of

the United States government. 18 U.S.C. § 1361. We reverse and remand.

(1)     Carrillo first argues that because the evidence was insufficient to

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

support the verdict, the district court erred when it denied his motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29(a). We disagree. "'[A]fter viewing the evidence in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc); *see also United States v. Green*, 592 F.3d 1057, 1065 (9th Cir. 2010). The jury was properly instructed,[1] and our review of the record satisfies us that the evidence was sufficient to establish all of the elements of the offense.

(2)     Carrillo also asserts that the district court abused its discretion[2] when it denied his motion for a new trial[3] based on government misconduct.[4] We agree.

The district court did properly instruct the jury on the critical element in this case—willfulness. The court made it plain that the evidence had to show that Carrillo acted "'intentionally and purposely and with the intent to do something the

---

[1]*See United States v. Derington*, 229 F.3d 1243, 1248 (9th Cir. 2000). The parties do not dispute that.

[2]*See United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc); *cf. United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046, 84 L. Ed. 2d 1 (1985).

[3]Fed. R. Crim. P. 33(a).

[4]*See Washington*, 462 F.3d at 1135.

2

law forbids.'" *Derington*, 229 F.3d at 1248. While the instruction was correct, "willfully" remains a troublesome concept in the context of the criminal law. *See Bryan*, 524 U.S. at 191–92 & n.12, 118 S. Ct. at 1944–45 & n.12; *Spies v. United States*, 317 U.S. 492, 497–98, 63 S. Ct. 364, 367, 87 L. Ed. 418 (1943). The government decided to explain the instruction further. In doing so, it did not improve upon the instruction, but, instead, misled the jury. In effect, the government told the jury that if the actions of Carrillo were not themselves accidental, the willfulness element was proved, even if the evidence did not otherwise show that he knew the law or acted with a bad purpose to disobey or disregard it.[5]

The government's accident argument undercut any defense Carrillo had to the charged crime—there could be little doubt that his breaking a door and a fire alarm annunciator panel was not an accident. Therefore, the argument could easily have led to a conviction on an incorrect basis. *See United States v. Berry*, 683 F.3d 1015, 1021 (9th Cir. 2012); *United States v. Weatherspoon*, 410 F.3d 1142, 1149–50 (9th Cir. 2005); *cf. United States v. Begay*, 673 F.3d 1038, 1046–47 (9th Cir. 2011) (en banc).

---

[5]We note that its statements in its rather brief arguments were not isolated comments, but were repeated. *See Deck v. Jenkins*, 814 F.3d 954, 980 (9th Cir. 2016).

3

Although the prosecutor's comments were improper,[6] we must still determine whether they were harmless or whether "they affected the fundamental fairness of the trial." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th Cir. 2012); *see also Berry*, 683 F.3d at 1024; *Allen v. Woodford*, 395 F.3d 979, 997 (9th Cir. 2005). In the context of this case, because the ideal of fundamental fairness was breached, the comments were not harmless.

In so stating, we are quite aware of the principle that the court's instructions are more weighty than counsel's arguments,[7] but here the instructions do not save the day. Here: the concept of willfulness is rather arcane and is not easily grasped; this case is not an instance of an isolated prosecution misstatement in the context of a lengthy argument; finally, the objection to the argument was overruled and there was no curative instruction.[8] While there was sufficient evidence to convict Carrillo, we cannot say that the evidence was strong enough[9] to render the

---

[6]We do not suggest they were intentionally so, but they certainly were mistaken.

[7]*See Boyde v. California*, 494 U.S. 370, 384–85, 110 S. Ct. 1190, 1200, 108 L. Ed. 2d 316 (1990); *Begay*, 673 F.3d at 1046; *United States v. Medina Casteneda*, 511 F.3d 1246, 1249–50 (9th Cir. 2008).

[8]This undercut part of the rationale for giving extra weight to the instructions. *See Boyde*, 494 U.S. at 384, 110 S. Ct. at 1200.

[9]*See United States v. Stinson*, 647 F.3d 1196, 1214–15 (9th Cir. 2011);
(continued...)

4

misstatements harmless.

REVERSED and REMANDED for further proceedings.

---

[9](...continued)
*Weatherspoon*, 410 F.3d at 1151.